■ BRASSNER MFG. CO., INC., Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.— In an action to recover damages allegedly sustained by reason of the careless and improper manner in which appellant converted the glass ovens of respondent to natural gas, the appeal is from an order granting the motion of appellant to dismiss the complaint for lack of prosecution, unless the case be placed on the calendar for the next available term. Order modified by striking from the ordering paragraph everything following the word "granted", and as thus modified, affirmed, with $10 costs and disbursements to appellant. Respondent failed to present facts showing any reasonable excuse for its delay of some two years after joinder of issue in bringing the cause on for trial, or to make an adequate, if any, showing of merits. It was an improper exercise of discretion to deny the motion, in effect, by granting it conditionally (Fischer v. Tushnett, 256 App. Div. 833; Giovannucci v. Brooklyn & Richmond Ferry Co., 278 App. Div. 861; Lange v. Bagish, 285 App. Div. 833; Mancino v. City of New York, 1 A D 2d 830), even though respondent filed and served a note of issue after the notice of motion to dismiss had been served (Lange v. Bagish, supra). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ CHESS ENTERPRISES, INC., Respondent, v. BELDON ASSOCIATES, INC., et al., Appellants, et al., Defendant.— Order denying motion to dismiss the first and third causes of action for insufficiency modified by striking out the ordering paragraph and by substituting therefor a provision denying the motion with respect to the first cause of action and granting the motion with respect to the third cause of action, and as so modified, affirmed, without costs. Respondent may, if so advised, plead over the third cause of action within ten days after the entry of the order hereon. The third cause of action against appellant Belford, an "officer and large stockholder" is insufficient. A corporation is distinct from its stockholders. (Brock v. Poor, 216 N. Y. 387.) There is no allegation that appellant Belford as an officer in the corporate appellant participated in any manner in the alleged fraud or that he acted as agent for that corporation in connection therewith. An officer and stockholder is liable to a defrauded party only if he participated in the fraud. (Arthur v. Griswold, 55 N. Y. 400; Downey v. Finucane, 205 N. Y. 251; Churchill v. St. George Development Co., 174 App. Div. 1.) The complaint does not plead facts which establish that appellant Belford received any benefit from the transaction, except a possible indirect benefit as a stockholder. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ ROSE DICKLER, Respondent, v. JULIUS E. SEIDE, Respondent, and TORRINGTON CONSTRUCTION COMPANY, INCORPORATED, Appellant.— In an action to recover damages for personal injuries the appeal is from an order denying appellant's motion to change the place of trial, for the convenience of witnesses, from Kings County to Clinton County. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.