Richard D. Simons, J.
This action seeks to recover damages sustained by reason of the death of plaintiff’s intestate resulting from an automobile accident July 20, 1961. The complaint alleges that the accident was caused by the negligence and breach of warranty of the defendant with respect to the installation of certain brake linings in an automobile owned and operated by the plaintiff’s intestate.
The case came on for trial before me in September, 1965. Five days of proof were taken and the plaintiff rested, at which time the defendant moved for judgment on the grounds, among others, that the defendant named was not the person that made the repairs. A motion by plaintiff for mistrial was granted by the court.
This motion is now made seeking to amend the summons and complaint in the action to substitute as the named defendant, Pierce Brake Service Center, Inc., instead and in place of Pierce Muffler Shops. The statutory time limitation for commencing an action on the alleged facts has expired.
The action was commenced by service of a summons and complaint served upon Joseph Pierce October 31, 1962. Mr. Pierce is the president of Pierce Muffler Shops, Inc., and Pierce Brake Service Center, Inc., and owns 98% of the stock in each corporation.
CPLR 305 (subd. [c]) provides that at any time in its discretion the court may allow any summons or proof of service of summons to he amended if a substantial right of a party against whom a summons is issued is not prejudiced. CPLR 2001 provides that at any stage of an action the court may permit a mistake, omission, defect or irregularity to ho corrected upon such terms as may be just. CPLR 3025 provides for amendment and supplemental pleadings. The plaintiff submits with the motion papers a proposed amended summons and complaint denominating the Pierce Brake Service Center, Inc., as the defendant in the action.
Where service of process has been effected under a misnomer upon the party which the plaintiff intended to sue, it is the *258 duty of the court to determine whether, notwithstanding the error, the defendant was fairly apprised that it was the party the action was intended to affect. If so, the court has acquired jurisdiction. Absent a showing of prejudice to the defendant, the defect in the description of the defendant is an insubstantial error which plaintiff should be permitted to cure by amendment. (Ward v. Terry & Tench Constr. Co., 118 App. Div. 80, affd. 189 N. Y. 542; Stuyvesant v. Weil, 167 N. Y. 421; Ryan v. Nationwide Mut. Ins. Co., 20 A D 2d 270.) The Pierce Brake Service Center, Inc., was brought within the court’s jurisdiction by service on its president, Joseph Pierce. The fact that the same service conferred jurisdiction on Pierce Muffler Shops, Inc., does not effect service on Pierce Brake Service Center, Inc., if it was the intended defendant.
The facts in the record indicate that the plaintiff should be permitted to amend her pleadings as requested. The two corporations, while separate entities, and maintaining separate books and operations, were owned by the same stockholders, had the same officers and the same central office. They operated the muffler service corporation performing only muffler work, and brake service corporation performing only brake work, out of different locations. The same insurance company insured both corporations for liability under a blanket policy. The same sales ticket or receipt was used by both corporations and, in fact, the receipt for the services performed in the instant action introduced into evidence at the trial and submitted upon this motion, was entitled “Pierce Muffler Shops ” and itemized several different locations for the muffler shops. In smaller letters beneath these locations, it stated “ for complete brake service ” and listed the addresses of the brake centers. It contained advertising relating to brake service, mufflers, springs and shock absorbers. Mutual advertising was conducted by the two corporations, without any effort to distinguish them.
The complaint clearly alleges that the negligence complained of was in making repairs and replacements to the braking system of plaintiff’s intestate’s automobile and the breach of warranty sued upon refers solely to certain parts of the braking system. There is not now and never could have been any doubt as to the specific relationship of the brake repairs and part replacements to the cause of action. Neither could there be any reasonable conclusion by defendant that the action was founded upon work performed in the muffler shops. Furthermore, decedent was a recent employee of Pierce Brake Service Center, Inc., a fact that could reasonably give rise to the inference that he had his car repaired at that establishment. Service *259 upon the president, Joseph Pierce, of the summons and complaint fairly apprised him that it was the Pierce Brake Service Center, Inc., whose actions were brought into question.
It is the further claim of the defendant that an amendment at this time would result in prejudice to it. This argument is based primarily upon the fact that the Statute of Limitations has now run. That circumstance was held insufficient in Ward v. Terry S Tench Constr. Co. (118 App. Div. 80, affd. 189 N. Y. 542, supra) and Ryan v. Nationwide Mut. Ins. Co. (20 A D 2d 270 supra). The papers are wholly devoid of any showing that the lapse of time has prejudiced the defendant in any way in preparing its defense, depriving it of material witnesses or made unavailable pertinent evidence with which to defend its case.
The plaintiff’s motion is granted allowing her to serve the proposed amended summons and complaint to substitute for Pierce Huffier Shops, Pierce Brake Service Center, Inc., as the named defendant. The note of issue shall be amended accordingly. Inasmuch as the court granted the motion for mistrial with costs to the defendant, it is unnecessary at this time to impose further terms.