OPINION OF THE COURT
Harold Hyman, J.
This is a case of first impression in the State of New York; it involves the construction and interpretation of subdivision (a) of section 1505 of the Business Corporation Law concerning professional corporations and the liabilities carried with them.
The essential facts are as follows: On July 1, 1978, the defendants, as a corporate entity, entered into a written sublease with the plaintiff, then a dental partnership, for office space located in Melville, New York. The sublease unequivocally describes the tenant as “Frederick Nislow, D.M.D., and Jack H. Goetz, D.D.S., P.C.” It is beyond dispute, therefore, and acknowledged by the various plaintiffs at an examination before trial, and in answer to an interrogatory, that the sublessee was a professional corporation.
This action was commenced against the defendants as individuals to recover rents allegedly due to the plaintiff landlord-partnership pursuant to the sublease. As a first affirmative defense, the defendants plead that “The Corporation was the sole tenant in the Sublease upon which this *195 action is grounded, and neither of the named defendants was a party to such Sublease” and that, accordingly, “plaintiff has no claim whatever against the named defendants for rent allegedly due under the Sublease, or otherwise.”
The defendants have moved, among other forms of relief, for summary judgment on the ground, inter alla, that the defendants, sued herein in their individual capacities, are members of a professional corporation who, under the statute and as a matter of law, cannot be held personally liable on this alleged business debt. On the other hand, the plaintiffs maintain that section 1505 of the Business Corporation Law is not intended to limit the liability of the individual professional but rather exists merely to provide tax advantages associated with the corporate form. The argument proffered by the defendants is both persuasive and compelling.
Subdivision (a) of section 1505 of the Business Corporation Law reads as follows:
“§ 1505. Professional relationships and liabilities
“(a) Each shareholder, employee or agent of a professional service corporation shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation.” (Emphasis added.)
State Senator Gioffre, who sponsored this legislation, addressed the limited liability issue by stating: “As applied to professional service corporations, the bill would modify the general rule that shareholders of a corporation do not have personal liability as such for corporate acts and indebtedness; a shareholder of a professional service corporation would be personally responsible for any negligent or wrongful act or misconduct committed by any person under his direct supervision and control, as well as for his own action, while rendering professional services on behalf of such corporation. To ensure that the identity of the persons performing the professional services is disclosed, the bill requires that each plan, report, diagnosis, prescription, record or other document made or issued by a professional service corporation bear the signature of one or more of the *196 individual professionals who are in responsible charge of such document.” (NY Legis Ann, 1970, p 130; emphasis added.)
Many other States have enacted professional corporation statutes. In two of these States, for example, Florida and Ohio, where the statutory language used is comparable if not identical to the New York statute, the courts have interpreted those statutes as having retained the general view of limited liability except in the area of negligent or wrongful acts committed by the professional while rendering professional services. In Kurzner v United States (286 F Supp 839, affd 413 F2d 97), the court held that a professional corporation of licensed physicians (GOAPA) possessed the corporate characteristic of limited liability under Florida’s Professional Service Corporation Act to the following extent: “The stockholders of GOAPA by virtue of the provisions of Chapter 621.12 of the Florida Statutes, F.S.A., have sharply limited liability. Their liability differs from the liability of a stockholder in any other corporation only in that each is personally liable for negligent or wrongful acts performed by him or by any employee under his direct supervision or control” (p 845; emphasis added).
Similar construction was given to the Ohio Professional Association Law, the court stating in O’Neill v United States (410 F2d 888, 898): “The statute however does not remove the limited liability of the shareholder; it merely preserves the personal liability of the professional man in his professional dealings with patients.” (Emphasis added.)
It is obvious and clear from the language of the statute herein, as well as the cases that have construed and interpreted similarly worded statutes, that the professional corporate entity, unlike the business corporate entity, does not exist to shield the individual professional corporate shareholder from liability or accountability for his wrongful act or misconduct arising out of the rendition of “his” professional services. That because of the “special and confidential relationship” existing between the professional and his client (or patient), together with the reliance placed by the layman in such professionalism, logic dictates the professional to be held to a high standard in rendering his *197 or her professional services, and the seriousness of a negligent or wrongful act or misconduct to result in being “penalized” by vulnerability to personal liability. That this personal liability should be extended to include nonprofessional activities such as business debts or miscellaneous obligations of the corporation as is involved in the case at bar, on the other hand defies logic and lacks support in statute or at law.
Nowhere in this complaint do the plaintiffs assert negligent or wrongful acts or misconduct by the defendants in the rendering of dental services, nor are any facts set forth from which such acts may be adduced. An alleged breach of contract does not lie within the ambit of a “shareholder’s” personal liability.
Accordingly, the motion for summary judgment is granted and the complaint against these individual defendants is dismissed, with costs and disbursements. The remaining branches of the motion are, therefore, deemed moot.