■ SCHNAPP, HOCHBERG AND SOMMERS, Appellants, v FREDERICK NISLOW et al., Respondents. — Order of the Supreme Court, Queens County, dated August 29, 1980, affirmed, without costs or disbursements, on the opinion of Mr. Justice Hyman at Special Term. Hopkins, J. P., Mangano, Margett and Thompson, JJ., concur.

■ JACOB M. SHAPIRO, Appellant, v PROPERTY CLERK OF THE NASSAU COUNTY POLICE DEPARTMENT, Respondent. — Appeal by petitioner from a judgment of the Supreme Court, Nassau County (Vitale, J.), dated February 2, 1981, which, *inter alia,* dismissed his CPLR article 78 proceeding seeking to compel the Property Clerk of the Nassau County Police Department to return his gun. Appeal dismissed, without costs or disbursements. The petitioner was advised by the Deputy Chief of Operations of the Nassau County Police Department, in a letter dated May 6, 1981, that, after a hearing, the Commissioner of Police has directed that petitioner's pistol license be revoked and that he may reapply for a license in six months. Accordingly, the appeal is rendered academic. Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.

■ ELIZABETH ZAZARINO, Appellant, v LOUIS ZAZARINO, Respondent. — In a matrimonial action in which the plaintiff wife had been granted a judgment of divorce, she appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Martin, J.), dated May 4, 1979, which, *inter alia,* awarded her support of $6,000 per year, child support of $6,000 per year per child, and a counsel fee of $7,500. (Plaintiff has apparently abandoned an appeal from an order of the same court dated May 2, 1979.) Judgment modified, on the law and the facts, (1) by increasing (a) the amount of support awarded to plaintiff in the first decretal paragraph to $17,500 per year, (b) the amount awarded as child support in the second decretal paragraph to $7,500 per year per child, and (c) the counsel fee awarded in the fourteenth decretal paragraph to $15,000 and (2) by deleting the twelfth and thirteenth decretal paragraphs and substituting a provision denying defendant's application for setoffs. As so modified, judgment affirmed, insofar as appealed from, with costs to plaintiff. The support awarded on behalf of plaintiff and the infant children, and the counsel fee awarded, were inadequate to the extent indicated. The setoffs directed were contrary to law (see *Romaine v Chauncey,* 129 NY 566; *Wood v Wood,* 60 AD2d 567). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.