WE'RE ASSOCIATES COMPANY, Appellant, v COHEN, STRA-
CHER & BLOOM, P. C., Defendant, and HOWARD R.
COHEN et al., Respondents.

Second Department, August 6, 1984

APPEARANCES OF COUNSEL

*Hartman & Craven* (*Gerry E. Feinberg* of counsel), for
appellant.

*Monsour & Winn, P. C.* (*Robert L. Monsour* of counsel),
for respondents.

OPINION OF THE COURT

BROWN, J.

We are asked in this case to consider whether the share-
holders of a professional service corporation, organized
pursuant to the provisions of article 15 of the Business
Corporation Law for the purpose of engaging in the prac-
tice of law, may be sued in their individual capacities for
rents allegedly due under a lease executed solely in the
name of the corporation by one of its members as an officer
thereof. We respond in the negative and hold that the
individual shareholders have no personal liability for the
corporate obligations under the lease. Accordingly, we

affirm Special Term's determination striking the individual defendants' names as parties to this action.

The relevant facts are not in dispute. On October 7, 1980 defendant Cohen, Stracher & Bloom, P. C., a professional corporation organized under the Business Corporation Law, entered into an agreement with plaintiff for the lease of office space in a building located at 3000 Marcus Avenue in Lake Success, New York. The lease was executed for the landlord by one of the partners of the plaintiff company and for the tenant, the defendant professional corporation, "by *Paul J. Bloom Vice President*" (emphasis added). Bloom and the two other individual defendants, Howard R. Cohen and Richard L. Stracher, were the sole officers, directors and stockholders of the professional corporation.

Plaintiff commenced this action in May, 1983 seeking to recover rents and other charges of approximately $9,000 alleged to be due and owing under the lease. Named as defendants in the complaint were the professional corporation and each of the individual shareholders of the corporation.

Following joinder of issue, the three individual defendants moved to dismiss the action on the ground that they were neither necessary nor proper parties. It was argued that under the terms of the lease the sole tenant was the professional corporation and since at no time did any of the individual defendants act in any capacity other than as officers and directors of the corporation, they were not personally liable for the ordinary business debts of the corporation. Other than the argument that each of the individual defendants are liable as shareholders of the professional corporation, plaintiff makes no claim that defendant Paul J. Bloom acted in any capacity except a representative one in executing the lease on behalf of the corporation.

Special Term granted the motion, concluding that under the provisions of the Business Corporation Law the personal liability of individual shareholders of the professional corporation is limited to liability arising out of conduct by the shareholder or someone acting under his direct supervision while rendering professional services on

behalf of the corporation (Business Corporation Law, § 1505, subd [a]). We agree.

Prior to 1970, attorneys, physicians and other professionals in New York were barred from joining with other members of their respective professions in organizing corporations for the purpose of rendering professional services. In that year, however, with the enactment of article 15 of the Business Corporation Law, New York joined 48 sister States in affording the privilege of incorporation to professionals. One of the principal purposes of article 15 was to make available to professionals tax benefits which were not available to them when practicing as individuals or in partnerships. In approving the new law, Governor Rockefeller stated: "Pursuant to the measure, professionals will be able for the first time to utilize the corporate form of business to permit them to organize their activities more efficiently and to make available to them and to their employees Federal tax benefits now accorded to executives and employees in all other business endeavors" (McKinney's Session Laws of NY, 1970, p 3135; see, also, memorandum of Senator Gioffre, dated March 2, 1970, in support of the legislation; for an overview of the developing role of professional corporations, see Note, Professional Corporations and Associations, 75 Harv L Rev 776; Practice By Attorneys And Physicians As Corporate Entities Or Associations Under Professional Service Corporation Statutes, Ann., 4 ALR3d 383). Case law construing similar statutes in other States, of which the Legislature must have been aware at the time of the passage of the new law, made it clear that, in order to enjoy these tax benefits, the professional corporations organized under those statutes would have to exhibit the major characteristics of a general corporation, including limited liability (see *Kurzner v United States,* 413 F2d 97; *O'Neill v United States,* 410 F2d 888; see, also, *Morrissey v Commissioner,* 296 US 344). Thus, absent some expression of intent to the contrary, it must be assumed that the Legislature intended that professional corporations organized under New York's statute should similarly be viewed as having the characteristics of general corporations (56 NY Jur, Statutes, § 177).

It is well established that in the absence of some constitutional, statutory or charter provision, the shareholders of

a corporation are not liable for its contractual obligations and that parties having business dealings with a corporation must look to the corporation itself and not the shareholders for payment of their claims (see *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656; *Bottlers Seal Co. v Rainey,* 243 NY 333; 14 NY Jur 2d, Business Relationships, § 728, pp 546-547). Indeed, this insulation from individual liability for corporate obligations is one of the fundamental purposes of operating through the corporate form (*Billy v Consolidated Mach. Tool Corp., supra; Rapid Tr. Subway Constr. Co. v City of New York,* 259 NY 472, 487-488). Where the Legislature has intended to depart from this general rule of limited liability and impose the obligations of the corporation upon the individual shareholder, it has made explicit provisions for such obligations (see, e.g., Business Corporation Law, § 630, imposing liability upon the 10 largest shareholders of a corporation, the shares of which are not publicly traded, for wages and salaries of its laborers, servants and employees).

A review of the provisions of article 15 and its legislative history discloses no indication whatever that, in providing for the establishment of professional corporations, the Legislature intended to exempt them from the general rule of limited liability attendant to an enterprise conducted in the corporate form. Moreover, while the provisions of article 15 are tailored to address the unique problems of a professional corporation, it is nonetheless specifically provided in section 1513 of the Business Corporation Law that, except to the extent that its provisions are in conflict with those of article 15, the Business Corporation Law (with certain exceptions not relevant here) shall be applicable to professional corporations. Thus, rather than evidencing an intent that professional corporations be treated differently than other corporations, the statute evidences an explicit intent that the statutory rules regarding corporations be applied as well to professional corporations, except where a contrary rule is explicitly set forth.

The only specific declaration regarding the liability of members of a professional corporation is found in subdivision (a) of section 1505 of the Business Corporation Law.

That section provides: "Each shareholder, employee or agent of a professional service corporation shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation". The legislative history with respect to this section indicates that it was intended to modify — not eliminate — the general rule that shareholders are not personally liable for corporate acts and indebtedness, by imposing liability for certain wrongful or negligent acts committed in the rendition of professional services (memorandum of Senator Gioffre, dated March 2, 1970). Indeed, as former Associate Justice Damiani of this court pointed out in *Connell v Hayden* (83 AD2d 30, 58-59), the liability imposed upon a shareholder of a professional corporation by section 1505 of the Business Corporation Law is simply a reflection of the common-law rule that a shareholder is liable for those torts of the corporation in which he is a participant (*Chess Enterprises v Beldon Assoc.*, 1 AD2d 840), or which are committed by those acting under his direct supervision and control (Restatement, Agency 2d, § 358, Comment *a*).

Several commentators have similarly concluded that article 15 was not intended to totally eliminate the rule of limited liability. One commentator, writing with respect to the statute shortly after its enactment, stated: "Two other aspects of the new law relating to professional corporations should be mentioned. First, as to individual liabilities, the professional service corporation will offer only partial 'limited' liability. The personal liability of the individual shareholder in a professional service corporation is not eliminated as is normally the case where the corporate form is utilized; however, his personal liability is limited to those instances where negligence or malpractice is 'committed by him or by any person under his direct supervision or control.' The professional service corporation, thus, offers some protection against the full personal liability to which members of a partnership are subject" (McDonald, Business Associations — 1970 Survey of NY Law, 22 Syracuse L Rev 249, 252). Another commentator, writing for the New York State Bar Journal stated:

"One of the principal advantages of the corporate business entity is the concept of limited liability — a limitation of the extent of management's fiscal liability arising from the corporation's contractual obligations or tortious liabilities.

"By limiting such liability to corporate assets and insulating the personal assets of the individual parties involved, the corporate business entity offers corporate management a form of personal judgment-proof status for obligations arising from corporate activity.

"While the professional legal corporation also offers attorneys limited liability, this form of limited liability is not as broad in scope as the general corporate limited liability described above and can best be analyzed within the context of a discussion of the legal implications of each of the alternative forms of practice including the legal relationships between professionals and third parties, and among the professionals themselves.

"In a professional partnership, each partner is jointly and severally liable for all of the obligations of the partnership — both contractual and those arising from the acts or omissions of a member of a partnership. This means that each partner's personal assets are subject to any claims of any third party against the partnership. Each partner can bind the partnership and each partner is fully responsible for the acts and omissions of each of the other partners.

"In a professional corporation, on the other hand, liability for contractual obligations is strictly limited to the assets of the Corporation; provided, of course, that no attorney-stockholder personally guarantees the Corporation's obligations. An officer of the professional corporation should take care to sign in his capacity as an officer. Failure to do so could result in personal liability. This is true in both a single lawyer firm and a multiple-lawyer firm.

"Insofar as liability for malpractice is concerned, each attorney is still personally liable for his own acts or omissions and the acts or omissions of those employees of the professional corporation, who are directly under his supervision or control, but he is no longer personally liable for the acts and omissions of his fellow attorneys, except where

he is also involved. Of course, the Professional Corporation itself is liable for the malpractice of any of its employees" (Rotgin, The Professional Corporation for Lawyers, 52 NY St Bar J 634, 634-635).

The issue has been considered in two reported cases which have come to contrary conclusions. In *Schnapp, Hochberg & Sommers v Nislow* (106 Misc 2d 194, affd 83 AD2d 575 on opn of Hyman, J., at Special Term, Queens County), the court was presented with facts nearly identical to those at bar — a case involving the liability of the shareholder members of a professional corporation of dentists on a lease executed only on behalf of the professional corporation. It concluded that there was no individual liability on the part of the corporation members for the ordinary business debts of the corporation. A contrary result was reached, however, in *Infosearch, Inc. v Horowitz* (117 Misc 2d 774, 774-775, Civil Ct of City of NY, Bronx County, Saks, J.), where the court held an individual attorney liable for the business debts of his professional corporation. The court reasoned that "[t]he purpose of permitting professional incorporation was * * * to allow the setting up of pension funds that would confer certain tax advantages. It was not to shield lawyers from the payment of just debts. Any such latter purpose would be clearly contrary to public policy. When one extends credit to a law firm, one expects that his debt is secured by the legal and moral obligation of the members of that firm, notwithstanding that it is a professional corporation".

We disagree with the reasoning of the *Infosearch* court, for, otherwise, we would be compelled to read into article 15 of the Business Corporation Law a special exception for professional corporations involving attorneys. There is absolutely no basis in the legislative history or otherwise to create such an exception and we decline to do so. The clear intent of the Legislature, as indicated above, is that, except for the specific statutory provisions regarding liability arising from the rendition of professional services, the members of professional corporations are to enjoy the same benefits of limited liability afforded to shareholders of any other form of corporation. We find that those benefits, which include insulation from ordinary corporate business

debts, were intended to be available to the members of any professional corporation, regardless of the nature of the profession involved (see *Schnapp, Hochberg & Sommers v Nislow, supra*). There is, therefore, no basis for concluding that attorneys who practice in a professional corporation have some exceptional legal obligation over and above that of other professionals simply by virtue of their particular profession. Any analysis of the possible ethical considerations or moral obligations of attorneys in this situation is a separate matter and does not bear upon the substantive legal issue of the scope of liability under the statute.

Accordingly, we hold that the individual members of the professional corporation at bar may not be held liable for the rents and charges alleged to be due under the lease and that Special Term correctly struck their names from the complaint.

TITONE, J. P., MANGANO and THOMPSON, JJ., concur.

Order of the Supreme Court, Nassau County, entered September 14, 1983, affirmed, with costs.