■ WILLIAM J. SIMPSON et al., Respondents, v KENSTON WAREHOUSING CORP., Respondent-Appellant, and KENSTON TRUCKING Co., INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., Kenston Trucking Co., Inc., appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated January 27, 1988, as granted the plaintiffs' motion to amend their summons and complaint to substitute it as a party defendant in the place and stead of Kenston Warehousing Corp., and (2) from an order of the same court entered June 2, 1988 which denied its motion for reargument of the prior motion. Kenston Warehousing Corp. separately appeals from the order dated January 27, 1988.

Ordered that the appeal from the order entered June 2, 1988 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal of Kenston Warehousing Corp. is dismissed as abandoned; and it is further,

Ordered that the order dated January 27, 1988 is affirmed insofar as appealed from by the defendant Kenston Trucking Co., Inc.; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by Kenston Trucking Co., Inc.

The plaintiff commenced this action by naming Kenston Warehousing Corp., rather than Kenston Trucking Co., Inc.,

as a defendant. The summons and complaint were served upon John Luhrs, who is the sole shareholder and officer of both corporations. Where the summons and complaint have been served under a misnomer upon the party which the plaintiff intended as the defendant, an amendment will be permitted if the court has acquired jurisdiction over the intended but misnamed defendant provided that two criteria are met. The first criterion is that the intended but misnamed defendant was fairly apprised that it was the party the action was intended to affect. The second criterion is that the intended but misnamed defendant would not be prejudiced *(see, Stuyvesant v Weil,* 167 NY 421, 425-426; *Gajdos v Haughton Elevator,* 131 AD2d 428; *Connor v Fish,* 91 AD2d 744; *Luce v Pierce Muffler Shops,* 51 Misc 2d 256, *affd* 28 AD2d 826).* The allegations contained in the complaint fairly apprised Kenston Trucking Co., Inc. that it was the party the plaintiff intended to name, rather than Kenston Warehousing Corp., based on the status of Kenston Trucking Co., Inc. as the entity which operated, managed, maintained and otherwise controlled the premises where the injuries purportedly occurred. There is no evidence of any prejudice to Kenston Trucking Co., Inc. Accordingly, jurisdiction was obtained over it by the service upon John Luhrs and the Supreme Court correctly granted the motion to amend the summons and complaint to correct the misnomer *(see, Luce v Pierce Muffler Shops, supra).* Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.