OPINION OF THE COURT
David Friedman, J.
Plaintiff commenced this action in January 1987 by service of a summons and endorsed complaint naming as defendants Drs. Arthur Schachner and Eugene Antelis. The complaint seeks to recover $10,308 for goods sold and delivered and services rendered between March 19, 1986 and August 27, 1986. While only defendant Schachner appears to have been *219 served, both defendants interposed an answer which asserted a general denial and counterclaim.
It is uncontroverted that plaintiff did business not with defendants but instead with a professional service corporation denominated Eugene Antelis, M.D. and Arthur A. Schachner, M.D., P. C.
Defendants now move for summary judgment dismissing the complaint on the ground that it fails to name a proper party defendant. Defendants contend that all of plaintiff’s transactions were with the corporation so that there is no basis to sue them individually.
In opposing the motion plaintiff argues that the defect has been waived either for failure to raise it in the answer or because of loches, i.e., the length of time that has elapsed without the issue being raised. Alternatively, plaintiff contends that all parties recognized from the start that the corporation was the one being sued and the failure to name it rather than the individuals as the defendant is merely a "ministerial defect.” In regard to loches defendants counter that they did not recognize that the wrong defendant had been named until plaintiff’s deposition which took place in September 1990.
At the outset it must be recognized that the issue presented by this motion vis-á-vis a professional service corporation is of lesser impact in the tort context. This is because of Business Corporation Law § 1505 (a) which eliminates, when dealing with tortious conduct, the corporate veil for shareholders, employees and agents of a professional service corporation. As previously indicated this action is premised upon contract rather than tort. The pertinent issue relates to the viability of a summons and complaint which names as defendants and is served upon the principals of a professional service corporation when the intended defendant was the professional service corporation.
There is of course no doubt that if the individual physicians were the intended defendants the action would have to be dismissed. It has been unequivocally established that an individual professional corporate shareholder does not become personally liable for the business debts of the corporation (We’re Assocs. Co. v Cohen, Stracher & Bloom, 103 AD2d 130, 136-137; Schnapp, Hochberg & Sommers v Nislow, 106 Misc 2d 194, affd 83 AD2d 575, on opn of Hyman, J., at Special Term, Queens County).
*220 Reflexive application of this rule would lead to the simple conclusion that the action as currently existent must be dismissed with the plaintiff commencing a new action against the corporation. In this regard it should be noted that the elapse of time, i.e., loches, cannot by itself make the corporation a defendant in this action if it was never served. The difficulty however, with simply concluding that the action should be dismissed lies in the fact that if plaintiff is forced to begin anew he may find himself precluded by the four-year Statute of Limitations contained within UCC 2-725. Hence the key question is whether to grant the request encompassed within plaintiff’s papers to amend his pleadings so that this action, timely commenced, is deemed to continue against the corporation.
There are two alternative views of this request. One is to look upon the naming of the individual parties rather than the corporation as the defendant in the summons and complaint as merely a misnomer. The second is to perceive the summons and complaint as involving defendants distinct from the proposed corporate defendant so that the service made upon the individuals does not invoke jurisdiction over the corporate defendant. The first approach is presented in Simpson v Kenston Warehousing Corp. (154 AD2d 526) and Luce v Pierce Muffler Shops (51 Misc 2d 256, affld 28 AD2d 826) while the latter appears in Connell v Hayden (83 AD2d 30).
In Simpson (supra) and Luce (supra) the summons and complaint named one corporation although a different corporation was the intended defendant. In permitting amendment of the pleadings the court in Luce stated (at 257-258) the following: "Where service of process has been effected under a misnomer upon the party which the plaintiff intended to sue, it is the duty of the court to determine whether, notwithstanding the error, the defendant was fairly apprised that it was the party the action was intended to affect. If so, the court has acquired jurisdiction. Absent a showing of prejudice to the defendant, the defect in the description of the defendant is an insubstantial error which plaintiff should be permitted to cure by amendment.” A similar outlook is expressed in Simpson.
It is plaintiff’s position that he inadvertently left off the letters P. C. from the name of defendant and that when service was effectuated on Dr. Schachner, the professional service corporation was apprised that it was the party the action was intended to affect. As Luce (supra) indicates it is for the court to make this determination. Should the court make *221 such a determination this action would proceed merely by plaintiff serving an amended summons and complaint upon the professional service corporation.
Another approach to the instant situation is presented in Connell v Hayden (supra). In Connell defendant Dr. Hayden had been served with a summons and complaint. Dr. Hayden conducted his practice through a professional service corporation with another doctor who was also named as a defendant. Subsequently plaintiffs sought to make the doctors’ professional service corporation a defendant even though the summons and complaint served on Dr. Hayden did not indicate any intention to make the corporation a party.
The Appellate Division held that the corporation could not be made a defendant by amending the summons since that would be adding a new party and not merely correcting the name of a party the plaintiffs originally intended to sue. The court pointed out that since the summons served on Dr. Hayden was not issued against the corporation the court lacked jurisdiction over it. What the Appellate Division permitted instead was for plaintiffs to bring the corporation into the action by serving a supplemental summons pursuant to CPLR 305 (a). Thus Connell (supra, at 37) states "A new party can only be added with prior court approval by serving it with a supplemental summons.”
In any event what evolves from the Luce and Connell approaches is that the professional service corporation should be made a party to this action. The distinction is that if the Luce approach is followed the corporation was served in 1987 and may not now raise a Statute of Limitations defense. On the other hand if the Connell method is used to make the corporation a defendant it will first be made a party now and can certainly assert a Statute of Limitations defense.
In my view the instant situation is more nearly covered by Luce (supra). The corporation via its principals should have been aware from the summons and complaint served on defendant Schachner that the real party defendant was the corporation. The corporation, with whom all business was done, had every reason to believe that it was being sued and that the P. C. was inadvertently omitted from the caption. Accordingly, plaintiff should serve an amended and corrected summons and complaint eliminating the individual defendants and naming the corporation as a defendant.
It must be recognized that if the Connell approach were *222 applied the Statute of Limitations might very well be a bar to plaintiff. Concededly, Connell (supra) elucidates the means of avoiding the Statute of Limitations bar. That is if the doctor served with process and the unserved professional service corporation are said to be "united in interest” (CPLR 203 [b]) the Statute of Limitations will stop running at the time the doctor was served. However, "co-defendants are united in interest for purposes of this section only when one defendant is responsible for the acts or omissions of the other” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:3, at 147). In view of the contractual basis of this action such vicarious responsibility analysis hardly seems appropriate here.
In sum following Luce (supra) and Simpson (supra) plaintiff may serve an amended summons and complaint upon the professional service corporation. Defendants’ motion to dismiss the action against them individually is granted.