■ RALPH FERRARA, INC., Respondent, v BERMUDA LIMOUSINE COMPANY, Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered February 1, 1991, which denied defendant's motion to dismiss the complaint and granted plaintiff's cross-motion to amend the caption of the action, affirmed, with costs.

The court did not abuse its discretion in granting plaintiff leave to amend the caption nunc pro tunc by substituting the real parties in interest, who were actually served with the summons and complaint, for a party which existed only as a trade name (CPLR 305 [c]; *Ober v Rye Town Hilton,* 159 AD2d 16, 20). Concur—Carro, J. P., Milonas, Kupferman and Asch, JJ.

Smith, J., dissents in part in a memorandum as follows: The motion court properly concluded that, given proper service and the absence of surprise and prejudice, plaintiff should be allowed to amend its complaint to substitute Bermuda Rental Car Co., Inc. for the misnamed, non-existent defendant Bermuda Limousine Company. However, it was error to allow the complaint to be amended to name Robert Verdi as a defendant. Accordingly, I dissent from that part of the majority's decision.

This is a nuisance action based upon the alleged contamination of plaintiff's groundwater by gasoline which leaked from gasoline storage tanks on defendant's premises. Robert Verdi is a shareholder and officer of Bermuda Rental Car Co., Inc. He is also alleged to be the owner of the premises where the leak developed. Although Verdi was served with the original complaint, he was not named as a defendant therein and there is nothing in the original complaint indicating that plaintiff intended to recover a judgment against an individual, as opposed to a corporation. Verdi had no notice that plaintiff intended to recover a judgment against him and absent this amendment, the statute of limitations might otherwise bar plaintiff's recovery against Verdi. In light of this surprise and prejudice, amending the complaint to include Verdi as a defendant should not be allowed *(see, Stuyvesant v Weil,* 167 NY 421, 425-426 [1901]; *Simpson v Kenston Warehousing Corp.,* 154 AD2d 526, 527 [1989]).