■ UNITED COMMUNITY INSURANCE COMPANY, Appellant, v PAMELA CIRACO et al., Respondents. [600 NYS2d 20] —Order,

Supreme Court, New York County (Karla Moskowitz, J.), entered May 28, 1992 which, *inter alia,* vacated its prior order dated December 12, 1991, granting petitioner a permanent stay of uninsured motorist arbitration, and denied petitioner's motion for leave to amend the caption of the action, unanimously reversed, on the law, the motion to amend granted and the permanent stay reinstated, with costs.

Three years after an accident in which he was struck by a motor vehicle, Robert Ciraco served a demand for uninsured motorist arbitration upon petitioner pursuant to an uninsured motorist endorsement of an insurance policy issued to his wife, Pamela Ciraco. United Community Insurance Company petitioned the court to permanently stay arbitration. Throughout the petition, Robert Ciraco is referred to as "respondent", but in the case caption, Pamela Ciraco is named as the respondent. The court granted the petition in an order captioned *"United Community Ins. Co. v. Pamela Ciraco".*

Subsequently, respondent's attorney wrote to the American Arbitration Association ("AAA") indicating that there had been no order staying Robert Ciraco from arbitrating since the order merely stayed arbitration against Pamela Ciraco. The AAA advised the parties that it would proceed with arbitration unless petitioner submitted an official correction or clarification of the court order. By order to show cause captioned *"United Community Insurance Company v. Pamela Ciraco and Robert Ciraco",* petitioner moved for an order *inter alia,* (1) upholding the prior decision of the court permanently staying arbitration in the above-captioned matter; (2) barring the AAA from scheduling the matter for arbitration; and (3) permitting petitioner to amend its pleadings nunc pro tunc to correct a misnomer, mistake or typographical error which resulted in the failure to have Robert Ciraco listed as a respondent in the caption. The court denied petitioner's motion and vacated the prior stay.

The court abused its discretion in denying petitioner leave to amend the caption nunc pro tunc since the mislabeling of the petition was a mere irregularity which did not prejudice any substantial right of Robert Ciraco (CPLR 305 [c]; *Ralph Ferrara, Inc. v Bermuda Limousine Co.,* 184 AD2d 301). Robert Ciraco was fully apprised of the fact that he was the real party in interest since he was duly served with a petition which laid out the facts of the occurrence and named him as the respondent on six different occasions. Furthermore, the court erred in vacating its prior order permanently staying

arbitration since Robert Ciraco failed to offer evidentiary proof that the other vehicle involved in the accident was, in fact, uninsured. Finally, there is no merit to respondent's argument that petitioner has waived its right to stay arbitration by voluntarily participating in arbitration. Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.