[642 NYS2d 937]

SOMER & WAND, P. C., Plaintiff, v PIA ROTONDI et al., Defendants. (Action No. 1.)

PIA ROTONDI et al., Respondents, v SOMER & WAND, P. C., et al., Defendants, and CARL F. WAND et al., Appellants. (Action No. 2.)

Second Department, May 13, 1996

### APPEARANCES OF COUNSEL

*Carl F. Wand & Associates,* Commack *(Judith M. Rosen* of counsel), for appellants.

*Bracken & Margolin,* Islandia *(John K. Diviney* and *Linda Margolin* of counsel), for respondents.

### OPINION OF THE COURT

MILLER, J. P.

Pursuant to the clear mandate of Business Corporation Law § 1505 (a): "Each shareholder, employee or agent of a professional service corporation shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation". On the instant appeal we are confronted with issues concerning the reach of that statutorily available liability as against two attorneys who were the sole shareholders in a professional corporation. While the potential for malpractice liability in this case is apparent, because the two attorneys were never individually named as counterclaim defendants or served with counterclaims to recover damages for legal malpractice, their potential liability may not be realized. Accordingly, we reverse the order appealed from.

### I

The defendants in Action No. 1, members of the Rotondi family and their family run business (hereinafter collectively the Rotondis), are the principals in an apartment complex, Watergate Garden Apartments, in East Patchogue. In or about 1983 the Rotondis were sued in Federal court by two African-American women who alleged that they had been denied apart-

ments in the Rotondis' apartment complex on the basis of race. The Rotondis retained the law firm of Somer & Wand, P. C. (hereinafter the P. C.), to defend them in the Federal action brought by the two women.

It was alleged that Stanley Somer, Esq., a shareholder of the P. C., misrepresented his experience in litigating such matters and that he mishandled the Federal action. Indeed, it was alleged that he eschewed a $30,000 settlement proposal based upon his mistaken belief that the case was only worth $10,000. Ultimately a Federal jury returned a verdict in favor of the two women in the total sum of $565,000.

Following this legal setback, the Rotondis allegedly failed to pay the full amount of legal fees owed to the P. C. Accordingly, the P. C. commenced Action No. 1 in the Supreme Court, Suffolk County, to collect $14,731.50 in fees allegedly owed by the Rotondis for the defense of the Federal action. The Rotondis served an answer which included counterclaims against the P. C. for legal malpractice and breach of contract, seeking damages of $565,000.

Rather than turn this matter over to its legal malpractice insurance carrier, the P. C. moved to dismiss the counterclaims *pro se,* and lost. Following this defeat the P. C. notified its legal malpractice insurer of the counterclaims but the insurer disclaimed coverage based upon the P. C.'s failure to provide timely notice. The P. C. commenced a declaratory judgment action against its insurer but the disclaimer was upheld. Some time thereafter, the P. C. was dissolved.

## II

Alleging that the appellants Stanley Somer and Carl Wand had conveyed four parcels of real property to various third parties for less than fair consideration, the Rotondis commenced Action No. 2 seeking to set aside these alleged fraudulent conveyances as violative of Debtor and Creditor Law article 10. The appellant Carl Wand and his former partner Stanley Somer were each named as defendants in Action No. 2, along with, *inter alia,* their respective wives who were alleged to be the transferees of two of the properties. Carl Wand made a motion for summary judgment to dismiss Action No. 2 as against himself and his wife, alleging, *inter alia,* that there could be no personal liability as against him for the alleged malpractice of the P. C., because he was not individually named or served as a defendant on the malpractice counterclaims. The P. C. was the only counterclaim defendant named in Action No. 1. In an or-

der dated May 12, 1994, the Supreme Court denied the motion. We now reverse.

## III

Contrary to the contentions advanced by the Rotondis in opposition to the motion, under the circumstances of this case personal liability cannot be established against either Carl Wand or Stanley Somer for the malpractice of the P. C. It is axiomatic that the shareholders of a corporation are ordinarily not liable for the obligations of the corporation (see, We're Assocs. Co. v Cohen, Stracher & Bloom, 103 AD2d 130, affd 65 NY2d 148; see generally, 14 NY Jur 2d, Business Relationships, § 728). However, Business Corporation Law § 1505 (a), which applies only to professional corporations, codifies the common-law rule that a shareholder is liable for those torts of the corporation in which he is a participant (see, Connell v Hayden, 83 AD2d 30, 58-59) insofar as it provides that "[e]ach shareholder, employee or agent of a professional service corporation shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation". Nevertheless, while Business Corporation Law § 1505 (a) renders Carl Wand and Stanley Somer potentially liable for the malpractice of the P. C. to the extent of their own personal negligence or to the extent of negligent acts committed at their direction, neither Business Corporation Law § 1505 (a) nor any other provision in the Business Corporation Law obviates the need to acquire personal jurisdiction over the potentially liable parties.

## IV

The parties have not cited any cases even remotely on point, and surprisingly independent research has failed to uncover any decisions dealing with this precise issue. Therefore, an analogy to partnership liability is useful. In a manner similar to that in which Business Corporation Law § 1505 (a) renders shareholders in a professional corporation subject to personal liability for their torts, partners are also subject to vicarious liability. Pursuant to Partnership Law § 24, a tort by one partner committed in the scope of partnership business, renders the partnership liable (see, e.g., Hayes v Apples & Bells, 213 AD2d 1000; Connell v Hayden, supra, at 46). Pursuant to Partnership Law § 26 (a) (1), all other partners are jointly and severally li-

able for a partnership liability arising from such a tort of a partner. However, notwithstanding that every partner may be potentially liable for the torts of their partners, in order to impose personal liability on a vicariously liable partner, that partner must be individually named and served in the action (see, Propoco, Inc. v Birnbaum, 157 AD2d 774; Levin v Total Hockey Assocs., 64 AD2d 622; Gatley v Deters, 128 Misc 2d 209; Bensaull v Fanwood Estates, 128 Misc 2d 110; Martinoff v Triboro Roofing Co., 228 NYS2d 139; cf., We're Assocs. Co. v Cohen, Stracher & Bloom, supra, at 131). The mere fact that personal liability may exist is only half of the equation. Personal jurisdiction must be obtained over each of the potentially liable partners for their potential liability to be realized.

In Ruzicka v Rager (305 NY 191, 198), the Court of Appeals recognized that in a suit by a limited partnership, a counterclaim could not be asserted against individual partners because, among other reasons, "the claim and counterclaim must be between the same parties". The same reasoning applies herein. Action No. 1 was commenced by the P. C., against which the defendants in that action interposed counterclaims, and only the P. C. may be held liable on those counterclaims. Unless the individual shareholders of the P. C. are joined as additional counterclaim defendants they remain beyond the jurisdiction of the court in their individual capacities.

While there are many differences between partnerships and professional corporations (see, We're Assocs. Co. v Cohen, Stracher & Bloom, supra, at 135), the fact remains that jurisdiction over a professional corporation does not result in personal jurisdiction over the shareholders thereof, any more than does jurisdiction over a partnership result in personal jurisdiction over its partners. Therefore, it is apparent that the counterclaims to recover damages for malpractice, even if they conclude in a judgment against the P. C., will not result in liability as against Carl Wand or Stanley Somer personally.

This is not to say that the assets of the P. C. are beyond the reach of the Rotondis should they succeed in obtaining a judgment against the P. C. on their counterclaims. Following dissolution of the P. C., any distribution of former corporate assets to the shareholders was made in trust for the benefit of creditors (see, Matter of Rodgers v Logan, 121 AD2d 250, 253). This decision should not be read to preclude the Rotondis from seeking to recover any such firm receivables, office equipment, or other former P. C. assets that may have been distributed to

Somer or to Wand. However, the complaint in the fraudulent conveyance action does not seek recovery of receivables or other P. C. property, and the real estate it does seek to reach, including each of the personal residences of Wand and Somer, was not shown to be, or to be derived from, a former corporate asset. Accordingly, as to the four parcels of real estate which were identified in the complaint in Action No. 2, there is no basis to support the Rotondis' attempts to set aside as fraudulent, the conveyances of those properties to which they have asserted no enforceable claim. Accordingly, the order is reversed insofar as appealed from, the motion of Carl F. Wand and Marsha S. Wand to dismiss the complaint insofar as asserted against them is granted, and the complaint is dismissed insofar as asserted against them.

PIZZUTO, JOY and GOLDSTEIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against Carl F. Wand and Marsha S. Wand.