OPINION OF THE COURT Armando Montano, J. Defendants’ motion to dismiss is granted in part and denied in part for the reasons set forth herein. Pro se plaintiff commenced this action by the filing of a summons with endorsed complaint on May 30, 2017, against defendant Dr. Moshe A. Glick, a dentist and the sole shareholder of Riverdale Family Dentistry, P.C., and against defendant Giselle Vargas, an employee (to wit: office manager) of Riverdale Family Dentistry, P.C. Plaintiff, however, did not sue Riverdale Family Dentistry, P.C. Defendants, represented by Laurence J. Sass, Esq., move to dismiss plaintiff’s complaint against defendants pursuant to CPLR 3211 (a) (1) and (7) on the basis that the complaint does not state a cause of action against defendants in their personal or individual capacities. Defendants argue that plaintiff’s action is solely based on a breach of contract theory, and not a tort claim. Plaintiff’s endorsed complaint reads as follows: “monies due; did not receive implant supported Zirconia Bridge 12 units; screw retained with external Ziroconia Abutment as requested on statement for work to be done dated 12/20/2016 in which defendant agreed to. Returned plaintiff 3 pc. Temp bridge; suing for $25,000.00 with interest from 12/20/2016.” Defendants contend that the agreement for dental services in dispute was entered between plaintiff and Dr. Glick’s professional corporation, Riverdale Family Dentistry, PC., and not between plaintiff and defendants. Thus, defendants argue that even assuming arguendo that there was a breach of contract, defendants are not personally liable to plaintiff as a matter of law. In her affidavit in opposition to defendants’ motion, plaintiff fails to address defendants’ argument that plaintiff improperly brought this action against employees and the shareholder of the professional corporation. Instead, plaintiff provides her version of the events that gave rise to the instant action. Essentially, plaintiff states that plaintiff paid Dr. Glick the total amount of $23,400, financed by Comenity Capital Bank/ Lending Club Patients Solution, for dental services. Plaintiff alleges that defendants misrepresented Dr. Glick’s years of experience and background and that Dr. Glick did not have the necessary years of experience to perform the extensive dental work to “make CAD/CAM abutments for plaintiff’s zirconia bridge.” Plaintiff further states that defendant Dr. Glick, at some point not specified in her papers, notified plaintiff that abutments could not be made and that when plaintiff asked for a full refund, Dr. Glick refused to do so. Discussion New York City Civil Court Act § 902 (a) provides that all pleadings filed in Civil Court “shall be formal pleadings, as in Supreme Court practice, except that: “(1) If the plaintiff’s cause of action is for money only, the cause of action may be set forth by indorsement upon the summons. The indorsement shall consist of a statement of the nature and substance of the cause of action, and the summons in such instance shall set forth the amount in which the plaintiff will take judgment in the event of default. If the plaintiff shall appear without attorney, such indorsement shall be made by the clerk.” New York City Civil Court Act § 903 further provides that “[t]he requirements of this act or of the CPLR applicable to a formal pleading shall not be applicable to an indorsement pleading.” Therefore, in accordance with New York City Civil Court Act §§ 902 and 903, an indorsement pleading, as opposed to a formal pleading, is not required to state a cause of action. (See David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, NY City Civ Ct Act § 903.) Upon receipt of the summons with endorsed complaint, a defendant may request a formal pleading. (Id.) On a motion to dismiss pursuant to CPLR 3211, the court must accept the facts as alleged in the plaintiff’s complaint as true and accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (Leon v Martinez, 84 NY2d 83 [1994].) On a motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1), “ ‘dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law.’ Put differently, the documentary evidence must resolv[e] all factual issues as a matter of law and conclusively dispose! ] of the plaintiff’s claim.’ ” (Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806 [2d Dept 2011] [citations omitted].) Moreover, it is well-established that shareholders in a corporation are not personally liable for its contractual obligations, and “parties having business dealings with a corporation must look to the corporation itself and not the shareholders for payment of their claims . . . [and] this insulation from individual liability for corporate obligations is . . . the fundamental purpose [ ] of operating through the corporate form.” (We’re Assoc. Co. v Cohen, Stracher & Bloom, 103 AD2d 130, 133 [2d Dept 1984], aff'd 65 NY2d 148 [1985].) Thus, “an individual professional corporate shareholder does not become personally liable for the business debts of the corporation.” (Gleicher v Schachner, 149 Misc 2d 218, 219 [1990], citing We’re Assoc. Co. v Cohen, Stracher & Bloom, 103 AD2d 130 [2d Dept 1984].) A shareholder of a professional service corporation, however, is “personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation.” (Business Corporation Law § 1505 [a].) Therefore, Business Corporation Law § 1505 precludes imposition of personal shareholder liability in instances not involving the direct rendition of professional services. (See We’re Assoc. Co. v Cohen, Stracher & Bloom.) As required by CPLR 3211, this court must determine whether the facts as alleged in plaintiff’s complaint fit within any cognizable legal theory. Upon a careful review of plaintiff’s summons with endorsed complaint and plaintiff’s affidavit in opposition to defendants’ motion to dismiss, this court can discern two cognizable legal theories: breach of contract and fraud/misrepresentation. This court notes that notwithstanding that plaintiff’s endorsed complaint only sets forth a very general description of the nature and substance of her cause of action in compliance with New York City Civil Court Act §§ 902 and 903, without making any mention of any elements of fraud/ misrepresentation, plaintiff’s affidavit in opposition to defendants’ motion to dismiss provides this court with more specificity as to the nature of her claims. In her affidavit, plaintiff alleges that defendants misrepresented Dr. Glick’s years of experience and professional background which led her to retain his services. Specifically, she asserts that defendants untruthfully represented to her that Dr. Glick had 17 years of experience, when in fact he did graduate dental school in 1999 but did not obtain his license to practice dentistry until July 28, 2010. Due to the misrepresentations, plaintiff claims to have been damaged. Thus, accepting plaintiff’s allegations and claims, which need not have been raised with great specificity in her indorsement pleading, and according plaintiff the benefit of every possible favorable inference with respect to her plausible breach of contract and fraud/misrepresentation causes of action, this court disagrees with defendants’ argument that plaintiff’s action against defendants is solely based on a breach of contract theory and not on a tort theory. With respect to plaintiff’s breach of contract claim against defendants, this court determines that dismissal pursuant to CPLR 3211 (a) (1) and (J) is warranted. In support of their motion to dismiss, defendants attach the following exhibits: (1) “Statement of Services Rendered for Work to Be Done” addressed to plaintiff and drafted on the letterhead and logo of Riverdale Family Dentistry, describing the dental work to be performed that is the subject of this litigation; (2) “Statement of Services Rendered” from Riverdale Family Dentistry along with a credit card payment receipt made to Riverdale Family Dentistry; and (3) Lending Club approval and welcome letters addressed to plaintiff that identify Riverdale Family Dentistry as the provider and recipient selected by plaintiff to receive payments directly from Lending Club. Said documents were also attached to plaintiff’s summons with endorsed complaint, and therefore there is no dispute as to the content and veracity of same. The above-mentioned documents clearly show that the agreement for dental services and payment arrangements for same were made between plaintiff and Riverdale Family Dentistry, P.C., and not between plaintiff and defendants. Thus, neither defendant Dr. Glick, as a shareholder, nor defendant Giselle Vargas, as an employee of Riverdale Family Dentistry, is personally liable for any breach of contract claim as a matter of law. Instead, plaintiffs alleged breach of contract must be brought against the correct party, that is, Riverdale Family Dentistry, RC. Therefore, plaintiffs breach of contract cause of action is dismissed against defendants. However, as to plaintiffs plausible cause of action based on fraud/misrepresentation, this court is unwilling to dismiss at this time against defendant Dr. Glick. Accepting plaintiffs allegations as being true and accurate and according plaintiff the benefit of every possible favorable inference, plaintiff may be successful on a fraud/misrepresentation theory given that the alleged misrepresentation that Dr. Glick had 17 years of experience, when in fact he only had seven years of experience, would constitute a substantial misrepresentation and not just a de minimis one. If successful on a fraud/misrepresentation theory, Dr. Glick would not be given the protections that are generally afforded to professional corporations. This is because, as stated above, Business Corporation Law § 1505 does indeed hold a shareholder of a professional service corporation personally liable for any wrongful act or misconduct committed by him. Upon review of plaintiffs complaint as it relates to defendant Giselle Vargas, this court can-pot discern any cognizable legal theory that may support an action against her. It is undisputed and even acknowledged in plaintiffs affidavit in opposition that Giselle Vargas was acting within the scope of her employment as office manager at all times when the alleged wrongdoing was committed. Thus, this court concludes that even if plaintiff can prove any wrongdoing or misconduct on behalf of defendant Giselle Vargas, the parties that may be held accountable for same would be Riverdale Family Dentistry and/or Dr. Glick pursuant to Business Corporation Law § 1505 as Giselle Vargas is a person under the direct supervision and control of Dr. Glick. Therefore, not only may Dr. Glick be held personally liable for any wrongful act that he may have committed, but may also be held accountable for any wrongful act, if any, committed by the office manager, defendant Giselle Vargas, who was acting within the scope of her employment, notwithstanding that she herself will not be held accountable. Accordingly, defendants’ motion to dismiss is granted only to the following extent: (1) plaintiffs complaint is hereby dismissed against defendant Giselle Vargas in its entirety; and (2) plaintiffs breach of contract cause of action against defendant Dr. Glick is dismissed. However, for the reasons stated above, plaintiffs plausible action for fraud/misrepresentation against defendant Dr. Glick survives and is not dismissed herein.