■ JOSEPH F. CONNOR, Respondent, v RAYMOND FISH et al., Doing Business as CAPITAL DISTRICT AMBULANCE SERVICE, Appellants. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered January 13, 1982 in Albany County, which granted plaintiff's motion to substitute parties defendant. The facts are undisputed. On December 7, 1976, plaintiff was allegedly injured while being transported from his home to the hospital. In December of 1977, plaintiff commenced an action for personal injuries against Capital District Ambulance and Oxygen Service, Inc., an extinct corporation, by service of a summons and complaint on the Secretary of State (see Business Corporation Law, § 306). The Secretary of State mailed a copy of the pleadings to Raymond Fish, a former officer of the defunct corporation, who forwarded them to his attorney. In due course an answer was served, wherein it was admitted that the named corporate defendant engaged in the business of transporting injured and sick individuals to local hospitals at the time plaintiff was injured, along with a demand for a bill of particulars. Depositions of parties were taken and, on October 19, 1981, the matter was reached for trial and a jury was selected. Two days later, on October 21, 1981, Mr. Fish, apparently for the first time, advised his counsel that the action had been commenced against the wrong party.* Plaintiff, by order to show cause, moved to amend his complaint by substituting Raymond Fish and Robert Sheffer, doing business as Capital District Ambulance Service, as defendants in place of the corporate defendant. Special Term granted the motion and this appeal by the substituted defendants ensued. We affirm, albeit for reasons different from those relied upon by Special· Term. CPLR 203 (subd [b]) states that a claim will be deemed to be interposed against a defendant as of the time the action was commenced against another defendant with whom he is united in interest. Subdivision (e) of the same statute deems a claim in an amended pleading to have been interposed as of the time of the original pleading so long as the original pleading gives notice of all of the transactions and occurrences sought to be proved in the amended pleading. Clearly, some type of cognizable service on an existing party must have been made to implement the operative provisions of CPLR 203. No such service was made in the instant case. However, for the reasons hereinafter stated, the erroneous naming of the party defendant need not be fatal. Where service of process is erroneous, it is the duty of the court to determine, notwithstanding the error, whether the defendant was fairly apprised that it was the party the plaintiff intended to sue. Absent a showing of prejudice to the defendant, the defect in the description of the defendant is an insubstantial error which plaintiff should be permitted to cure (*Luce v Pierce Muffler Shop*, 51 Misc 2d 256, affd 28 AD2d 826). The record reveals that Mr. Fish and Mr. Sheffer were officers of the defunct corporation as well as partners in the partnership that provided ambulance service to plaintiff on the day he was injured. When Mr. Fish received a copy of the pleadings from the Secretary of State, he knew that the business entity of which he was a full partner had provided the service at issue. His answer admitted that the named corporate defendant, of which he had been an officer and whose name was remarkably similar to that of the partnership, was the proper party defendant. Thus, there is not now and never could have been any doubt as to the relationship of the services rendered to the cause of action stated in the complaint (see *Staheli v Aetna Ins. Co.*, 52 AD2d 754). In fact, it

---

* The named corporate defendant had been dissolved on May 14, 1969, some seven years before the accident described in the complaint. In 1970, Raymond Fish and Robert Sheffer, former officers of the extinct corporation, formed a partnership under the name of Capital District Ambulance Service and a certificate of doing business under an assumed name was filed in the Albany County Clerk's office. It was this entity that rendered the services to plaintiff on December 7, 1976.

was not until a jury had been selected and defendant was prepared to vigorously defend the action that the error surfaced. Thus, it is difficult to conclude that an amendment of the complaint by substituting the real parties in interest as defendants could result in any prejudice, despite the fact that the Statute of Limitations had expired. There is no evidence that the lapse of time has prejudiced defendants in any way. CPLR 305 (subd [c]) provides that the trial court may at any time, in its discretion and upon such terms as it deems just, allow any summons or proof of service of a summons to be amended "if a substantial right of a party against whom the summons issued is not prejudiced". We find none (see, also, CPLR 2001, 3025, subd [b]). Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.