◼ CREATIVE CABINET CORP. OF AMERICA, INC., Respondent, v FUTURE VISIONS COMPUTER STORE, Appellant

The plaintiff commenced the present action by the service of a summons and complaint in which "Future Visions Computer

Store" was named as the sole defendant. The manner of service is not indicated in the record on appeal.

An answer was interposed by a party which did not identify itself, other than by the phrase "Defendant, sued herein as Future Visions Computer Store". Among the defenses asserted in this answer were a "[d]enial of corporate existence and lack of capacity to contract, sue or be sued", as well as a defense based on lack of personal jurisdiction. This answer also contained a denial of the plaintiff's allegation that "Future Visions Computer Store" was a copartnership.

The named defendant then made a motion for various relief, including an order "dismissing the action herein against the defendant on the ground that defendant is not a proper party to this proceeding". In support of this motion, it was alleged that "there never has been a legal entity known as and by [the name] 'FUTURE VISIONS COMPUTER STORE' ". The store at which the plaintiff purchased its computer was alleged to have been owned and operated by a domestic corporation, D.M.V. Computers, Inc.

The plaintiff opposed this motion. It was alleged by the plaintiff's attorney that "Future Visions Computer Store" is a name under which two separate corporations, D.M.V. Computers, Inc. and Miro Computer, Inc., do business. Further, it was alleged that Michael A. Disabella was the sole shareholder and principal officer of both corporations.

The Supreme Court, Suffolk County, denied the motion of Future Visions Computer Store to dismiss the complaint. The court also granted leave to serve the two corporations which are controlled by Mr. Disabella. This appeal by Future Visions Computer Store followed. The plaintiff has not cross-appealed.

The affidavits and exhibits submitted in connection with the defendant's motion establish conclusively that Future Visions Computer Store is a trade name for D.M.V. Computers, Inc., which operated the store at which the plaintiff purchased his allegedly defective computer. Since the allegations of the complaint are such that D.M.V. Computers, Inc., through its agents, should have known that it was the proper party defendant, the court correctly denied the named defendant's motion to dismiss, and further could have ordered an amendment of the caption so as to reflect the name of D.M.V. Computers, Inc. as the proper defendant. Such amendments are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant con-

cerning who it was that the plaintiff was in fact seeking to sue *(see, Kurz v Casey,* 81 AD2d 634 [error to dismiss action against "Flynn's Sharpening Service, Inc." where proper party was William Flynn doing business as Flynn's Sharpening Service; appropriate amendment allowed]; *Connor v Fish,* 91 AD2d 744; *cf., Connell v Hayden,* 83 AD2d 30; *Polizzano v Gotham Constr. Corp.,* 47 AD2d 48; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 305.16). However, since the plaintiff has not cross-appealed to this court, we may not modify the order appealed from to permit such an amendment. It may move for that relief in the Supreme Court, Suffolk County, if it be so advised.

The allegations of the complaint do not similarly indicate that the second prospective defendant, Miro Computer, Inc., should have known that it was a party intended to be sued in this action. Therefore, an amendment of the summons and complaint so as to add Miro as a party would not have been warranted, and thus the court properly granted leave to serve that party with a supplemental summons and complaint.

The court in its order also purported to prohibit these two prospective defendants from serving a "form answer", and from asserting defenses based on, (1) failure to state a cause of action, (2) "[d]enial of corporate existence", (3) failure to comply with CPLR 3016 (b), (4) accord and satisfaction, (5) violation of UCC 2-201, or (6) violation of UCC 2-305. It was improper for the court to limit the form of, or the number of defenses that may be raised in the answers which may be served by prospective defendants. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.