■ GLORIA MEDINA et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Order of Supreme Court, New York County (Herman Cahn, J.) entered on or about August 9, 1989, which, *inter alia,* granted the motion of defendant Julia Disla pursuant to CPLR 3212 for summary judgment dismissing the complaint as to her, unanimously reversed, on the law and on the facts, insofar as it granted defendant Disla's motion for summary judgment, the motion is denied, and the complaint is reinstated; plaintiffs are granted leave to amend the complaint to substitute "1640 St. Nicholas Avenue Supermarket Inc." for "Julia Disla d/b/a 1640 St. Nicholas Avenue Supermarket", with costs.

Plaintiff Gloria Medina was injured on January 11, 1984 when she slipped and fell on an icy sidewalk adjacent to a grocery store located at 1640 St. Nicholas Avenue in Manhattan. The sign painted on the awning overhanging the store read "1640 St. Nicholas Avenue Supermarket". Plaintiffs' investigator went to the store, and observed a State Liquor Authority license No. 1A26868, certificate No. 68578 dated September 8, 1982; a workers' compensation form DBL 6R 5990 and National Life Insurance Co. policy No. DBL 31 27319 dated October 22, 1982; and a Department of Consumer Affairs certificate No. N 788876 dated December 20, 1983. Plaintiffs' attorney affirmed that all of the documents observed listed Julia Disla as the owner of the store.

Since plaintiffs' attorneys could not successfully serve Julia Disla with process, an order was obtained from Supreme Court, New York County (William P. McCooe, J.), entered October 4, 1985, which permitted plaintiffs to effect service on defendant Disla by personal service on her insurance carrier, Union Indemnity Insurance Co. The insurance carrier through its adjusters had previously represented in a letter dated August 15, 1984, sent in response to inquiries from plaintiffs' counsel, that it was the liability carrier for "1640 St. Nicholas Avenue Supermarket". Consequently Julia Disla was joined in the action as "Julia Disla d/b/a 1640 St. Nicholas Avenue Supermarket".

Counsel for defendant Disla, in a letter to plaintiffs' counsel dated March 31, 1986, represented that they were retained as trial counsel for Union Indemnity's insured "1640 St. Nicholas Avenue Supermarket".

It was not until October 5, 1988, nearly three years after commencement of the action and after the applicable Statute of Limitations had run, that counsel for the defendant Disla advised the court, plaintiffs' counsel and the other parties to the litigation that Disla was going to move for summary judgment "on the ground that * * * the owner * * * of the supermarket * * * was a corporation, namely 1640 St. Nicholas Avenue Supermarket, Inc.". Counsel for Disla, by motion dated January 25, 1989, submitted a certificate of incorporation and related documentation proving that the corporation owned the supermarket. Plaintiff opposed relying on the facts that the sign on the premises was misleading, that correspondence from Union Indemnity Insurance Co.'s adjuster and from defendant's counsel was similarly misleading, and that the investigator's affidavit as well as that of plaintiff Gloria Medina showed that Ms. Disla held herself out to the public as the owner of the supermarket. Plaintiff's counsel also submitted a notice of violation from the Department of Consumer Affairs which made no mention of the corporate owner. In addition to opposing the motion, plaintiffs sought leave to amend or supplement their complaint, to substitute or join the corporate entity.

CPLR 2001 provides that the court, at any stage of the action, may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just. CPLR 305 (c) provides that the court may at any time, in its discretion and upon such terms as may be just, allow any summons to be amended if a substantial right of a party against whom the summons is issued is not prejudiced. Such amendment of a

summons is justified where there is some apparent misdescription or misnomer on the process actually served which would justify the conclusions that the plaintiff issued the process against the correct party, but under a misnomer, and that the process fairly apprised the entity that plaintiff intended to seek a judgment against it. *(Connell v Hayden,* 83 AD2d 30, 36-37; *and see, Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483, 484-485.)

Plaintiffs' summons and complaint served herein, pursuant to a court order, on defendant Disla's insurance carrier fairly apprised the proper party of the lawsuit. This is evidenced by the carrier's and defendant's counsel's omissions of the designation "Inc." after the name of the store in their correspondence to plaintiffs' counsel. We do not speculate on whether those omissions, which were corrected after the Statute of Limitations had run, were inadvertent or intentional, but conclude that the amendment of the pleadings should be allowed, as such amendment would amount to merely a correction of the name of the party plaintiffs originally intended to join. Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.