■ AIR TITE MANUFACTURING, INC., Individually and as Assignee of Certain Accounts Receivable Owed to J & L Home Improvement Corp., Plaintiff, v ACROPOLIS ASSOCIATES, Appellant. APPLE BANK FOR SAVINGS, Intervenor-Respondent. (Appeal No. 1.) [612 NYS2d 706] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly ordered the caption to be amended to reflect that Acropolis Associates (Acropolis), a partnership, rather than Acropolis Associates, Inc., a corporation, was the proper party in this action. Amendments to the caption "are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (Creative Cabinet Corp. v Future Visions Computer Store, 140 AD2d 483, 484-485; see, CPLR 305 [c]; 2001; see also, Albilia v Hillcrest Gen. Hosp., 124 AD2d 499, 500; Connor v Fish, 91 AD2d 744, 745; Covino v Alside Aluminum Supply Co., 42 AD2d 77, 80). In the first three affirmative defenses contained in its answer, Acropolis admitted that it had been improperly named as a corporation and it defended in its capacity as Acropolis Associates, a partnership. The misnomer in the caption was an obvious mistake and its correction did not prejudice Acropolis (see, Creative Cabinet Corp. v Future Visions Computer Store, supra, at 484-485). For the same reasons, Supreme Court did not err in denying Acropolis's motion to vacate the April 1991 order amending the caption and in granting the cross motion of Apple Bank for Savings (Apple Bank) to amend its summons nunc pro tunc to describe correctly Acropolis as a partnership.

Acropolis's related argument that Supreme Court had no personal jurisdiction over the partnership is also without merit. Acropolis in its partnership name appeared and defended in this action (see, CPLR 320 [b]). Moreover, Acropolis did not raise the affirmative defense of lack of personal jurisdiction either in its answer or by motion, thereby waiving that defense (see, CPLR 320 [b]; 3211 [e]; Kukulka v Millard Fillmore Suburban Hosp., 106 AD2d 886, 887).

We also reject Acropolis's contention that Supreme Court erred in failing to direct a hearing on damages. The record supports the conclusion that Acropolis owed J & L Home Improvement Corp. (J & L) at least $122,453 in accounts receivable and that Apple Bank, pursuant to a security agree-

ment with J & L, was entitled to those accounts receivable to the extent of J & L's unpaid debt.

We have examined Acropolis's remaining contention and find it to be without merit. (Appeal from Order of Supreme Court, Queens County, Nahman, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.