■ JOAN HAYES, Appellant, v APPLES & BELLS, INC., Respondent. [624 NYS2d 490] —Order unanimously modified on the law

and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured in April 1989 when she slipped and fell while shopping at a grocery store named "Apples." In March 1992 she commenced this action against Apples & Bells, Inc., by serving the summons and complaint on the Secretary of State and the manager of the grocery store that by then was named "Bells." In May 1992 defendant answered the complaint, alleging improper service and lack of jurisdiction. In May 1993 plaintiff moved to amend the complaint to add as additional defendants Esvair, Inc. (Esvair), Peter J. Schmitt Company, Inc. (Schmitt Company) and Canandaigua Food Company (collectively proposed defendants). The latter was a New York partnership made up of Esvair and Schmitt Company; the partnership operated the grocery store through an owner and officer of Esvair on the date of the accident and until 1991, when the partnership was dissolved. The proposed defendants cross-moved for summary judgment dismissing the complaint, asserting lack of jurisdiction and the Statute of Limitations. Supreme Court denied plaintiff's motion and granted the proposed defendants' cross motion. That was error.

A motion to amend the summons and complaint to reflect the proper name of a defendant should be granted, "even after the Statute of Limitations has run, 'where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought' (Ober v Rye Town Hilton, 159 AD2d 16, 20; see also, Air Tite Mfg. v Acropolis Assocs., 202 AD2d 1067; Simpson v Kenston Warehousing Corp., 154 AD2d 526, 527)" (Manocchio v Wohlfeil, 206 AD2d 908). Plaintiff timely served the manager of Bells, who also was an employee of Schmitt Company. Schmitt Company has not alleged that the manager was not authorized to accept service on its behalf, nor has it shown prejudice, and thus, the court should have granted plaintiff's motion with respect to it. We further conclude that service on Schmitt Company was sufficient to confer jurisdiction over its partner, Esvair, and Canandaigua Food Company, the partnership itself. Service on one partner brings the partnership within the court's jurisdiction (see, CPLR 310), and we perceive no prejudice to those proposed defendants in permitting amendment. Partners are vicariously liable with respect to each other and are therefore united in interest (see,

Partnership Law §§ 24, 26; *Capital Dimensions v Oberman Co.,* 104 AD2d 432; *Connell v Hayden,* 83 AD2d 30, 46). On the date of the accident, Esvair was the managing partner of the grocery store and plaintiff filed an incident report on that date.

Schmitt Company has not shown entitlement to summary judgment based on its contention that this claim was discharged pursuant to a reorganization plan in United States Bankruptcy Court. Its attorney asserted in support of the motion that all claims against it "were discharged except as expressly provided in the [reorganization] plan" and that, "[u]pon information and belief, the instant litigation was not excepted from this discharge." Schmitt Company failed, however, to provide a copy of the plan in support of the motion and thus failed to meet its burden of showing that plaintiff's claim against it was discharged in bankruptcy.

We modify the order on appeal by granting plaintiff's motion to amend the complaint and reinstating it against the proposed defendants, denying the proposed defendants' cross motion for summary judgment, and vacating that part of the fourth ordering paragraph directing entry of judgment in favor of the proposed defendants. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.