■ CAREER DIRECTIONS, INC., Respondent, v F & K SUPPLY, INC., Appellant, et al., Defendant. [625 NYS2d 745] —Spain, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bivona, J.), entered October 12, 1993 in Orange County, which, *inter alia,* denied a motion by defendant F & K Supply, Inc. to vacate a default judgment entered against it.

"It is well established that it is the plaintiff who bears the ultimate burden of proving by preponderating evidence that jurisdiction over the defendant was obtained" *(Powell v Powell,* 114 AD2d 443, 444 [citations omitted]; *see, Torres v Corpus,* 131 AD2d 463). In the case at bar it is admitted that defendant F & K Supply, Inc. was never personally served as such. However, plaintiff's contention that service upon defendant Fowler & Keith, Inc. was sufficient to obtain jurisdiction over F & K Supply has merit. The record is clear that there is but one entity conducting a building supply business at 104 Smith Avenue in the City of Kingston, Ulster County, and that it was this entity which in 1989 hired the four employees which were referred to it by plaintiff under the terms of the 1988 agreement. The testimony of employee Stephen Fell, at an examination before trial, reveals that the names of each of the defendants, or a combination thereof, were used interchangeably to identify the business.

"Where the summons and complaint have been served under a misnomer upon the party which the plaintiff intended as the defendant, an amendment will be permitted if the court has acquired jurisdiction over the intended but misnamed defendant provided that two criteria are met. The first criterion is that the intended but misnamed defendant was fairly apprised that it was the party the action was intended to affect. The second criterion is that the intended but misnamed defendant would not be prejudiced" *(Simpson v Kenston Warehousing Corp.,* 154 AD2d 526, 527 [citations omitted]).

We affirm. The officers and principals of F & K Supply were fully aware of the commencement of the action, F & K Supply was the party the action was intended to affect and, by referring to itself as "Fowler & Keith", F & K Supply contributed to plaintiff's error in naming "Fowler & Keith, Inc." as defendant. Furthermore, F & K Supply has failed to allege any prejudice.

Mercure, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.