■ SAMUEL C. BALDERMAN, Appellant, v CAPITAL CITY/ AMERICAN BROADCASTING COMPANY, INC., Respondent. [649 NYS2d 284] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the follow-

ing Memorandum: Supreme Court properly denied plaintiff's motion insofar as it seeks leave to amend the complaint pursuant to CPLR 3025 (b) to add ABC Holding Company, Inc. (ABC Holding), and American Broadcasting Companies, Inc. (American Broadcasting), as defendants. The Statute of Limitations has expired and plaintiff is not entitled to the benefit of the relation back doctrine because those new defendants are not "united in interest" with the original defendant (CPLR 203 [b]; see, Buran v Coupal, 87 NY2d 173, 178; Brock v Bua, 83 AD2d 61, 69).

The court erred, however, in denying plaintiff's alternative request to amend the summons and complaint pursuant to CPLR 305 (c) to name those corporations as defendants. A motion to amend the summons and complaint to reflect the proper name of a defendant should be granted, "even after the Statute of Limitations has run, 'where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought' (Ober v Rye Town Hilton, 159 AD2d 16, 20; see also, Air Tite Mfg. v Acropolis Assocs., 202 AD2d 1067; Simpson v Kenston Warehousing Corp., 154 AD2d 526, 527)" (Manocchio v Wohlfeil, 206 AD2d 908). ABC Holding and American Broadcasting do not dispute that plaintiff timely served process upon an agent authorized to accept service on behalf of both corporations (see, Hayes v Apples & Bells, 213 AD2d 1000, 1001; Foley v Chase Manhattan Banking Corp., 212 AD2d 448, 449). Further, the allegations of the complaint fairly apprised ABC Holding and American Broadcasting that they were the parties plaintiff intended to name, based upon their connection to the allegedly defamatory broadcast (see, Simpson v Kenston Warehousing Corp., supra, at 527). Thus, we perceive no prejudice to those proposed defendants resulting from the amendment (see, Hayes v Apples & Bells, supra, at 1001). We modify the order, therefore, by granting plaintiff's motion insofar as it seeks permission to amend the summons and complaint to name as defendants ABC Holding and American Broadcasting. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Amend Pleadings.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.