■ DONNA FINK, Appellant-Respondent, v REGENT HOTEL, LTD., Defendant. REGENT INTERNATIONAL HOTELS LIMITED, Nonparty Respondent-Appellant. [650 NYS2d 216] —Order of the Supreme Court, New York County (Lorraine Miller, J.), entered October 17, 1995, which, *inter alia,* granted the motion of Regent International Hotels Limited (RIHL) to the extent of permitting a limited appearance by said party, enjoining enforcement of the default judgment as against it and denying, without prejudice, plaintiff's cross-motion to amend the caption, unanimously reversed, on the law, with costs, RIHL's motion denied and plaintiff's cross-motion granted. The Clerk is directed to amend the caption of all papers in this action and the default judgment, entered on or about March 13, 1995, to read "Donna Fink, plaintiff, against Regent International Hotels Limited, defendant".

Plaintiff Donna Fink, accompanied by her husband, visited Hong Kong in the summer of 1992, staying at The Regent Hotel on Salisbury Road in Kowloon. She made reservations through the hotel's North American sales manager, located in New York City, and all correspondence received by her bears the letterhead, "The Regent". The manager and operator of the hotel is nonparty respondent Regent International Hotels Limited. While its "registered office" is in the same building as

The Regent in Hong Kong, RIHL is a multi-national corporation that does business around the world, including New York City, where it runs a luxury hotel in the Borough of Manhattan and where its worldwide sales office is located.

The complaint alleges that plaintiff was seriously and permanently injured when she slipped exiting a hot tub at the health spa in the hotel. The complaint seeking damages in the amount of $1 million was served, in accordance with the provisions of the Hague Convention, by the Central Authority for service of process, Supreme Court of Hong Kong. Personal service of the summons and complaint was made on "The Regent Hotel" at its registered office on Salisbury Road in Kowloon, the office shared with RIHL. The caption designates the defendant as "The Regent Hotel, Ltd.", a corporation that does not actually exist, instead of "Regent International Hotels, Ltd."

Joseph Lam, described as the financial controller "For and on Behalf of THE REGENT", responded to a request by plaintiff's representative that the parties "discuss a reasonable settlement" by merely writing: "This is to acknowledge receipt of your letter of July 29, 1992 in connection with the subject incident. We have referred your letter to the Loss Adjuster of our liability insurers who is now acting on our behalf and will be in touch with you." In or about 1993, plaintiff's counsel wrote Joseph Lam at The Regent Hotel, stating that his office would "proceed with default judgment proceedings". No response was received either to that communication or to additional notices sent by registered mail to the hotel on August 24, 1993 and February 4, 1994.

Inquest was conducted on February 9, 1995 and damages in the amount of $425,000 assessed against the designated defendant. In the attempt to enforce the ensuing judgment, plaintiff served three restraining notices at the hotel's sales office in New York City. The affidavit of Wolf Hengst, President of RIHL, confirms receipt of these notices. Finally, an "Execution with Notice to Garnishee" and a "Sheriff's Levy" were issued, by which time the Statute of Limitations had expired. RIHL thereupon brought an order to show cause objecting to its designation in the caption. Relying upon CPLR 320 (c), RIHL moved for permission to enter a limited appearance in the action for the purpose of declaring unenforceable the default judgment entered against "The Regent Hotel, Ltd.", enjoining plaintiff from collecting on that judgment and vacating the restraining notices. Plaintiff cross-moved to amend the caption on the summons, complaint and all relevant documents to "Regent International Hotels Ltd." Supreme Court granted

RIHL's motion and denied plaintiff's cross-motion to amend the caption.

On appeal, plaintiff urges that the court erred in declining to allow the non-substantive correction of the caption. We agree. Amendment to correct a misnomer in the caption is permitted so long as certain conditions are satisfied. As this Court explained in *Medina v City of New York* (167 AD2d 268, 269-270): "the court may at any time, in its discretion and upon such terms as may be just, allow any summons to be amended if a substantial right of a party against whom the summons is issued is not prejudiced. Such amendment of a summons is justified where there is some apparent misdescription or misnomer on the process actually served which would justify the conclusions that the plaintiff issued the process against the correct party, but under a misnomer, and that the process fairly apprised the entity that plaintiff intended to seek a judgment against it. (*Connell v Hayden*, 83 AD2d 30, 36-37; *and see, Creative Cabinet Corp. v Future Visions Computer Store*, 140 AD2d 483, 484-485.)"

It is well settled that an application to amend the caption to reflect the true name of the defendant should be granted where, as here, the designated entity was the intended subject of the law suit, knew or should have known of the existence of the litigation against it, and will not be prejudiced thereby (*e.g., Career Directions v F & K Supply*, 215 AD2d 806, *lv dismissed* 86 NY2d 778; *Foley v Chase Manhattan Banking Corp.*, 212 AD2d 448; *Manocchio v Wohlfeil*, 206 AD2d 908).

It is clear that RIHL was well aware of the action against it and waited until the Statute of Limitations had expired to make an appearance. Furthermore, it makes no claim of prejudice resulting from plaintiff's failure to include the correct designation in the caption. RIHL's election to do nothing was a strategic decision, made in the attempt to benefit from the error by defeating plaintiff's rights. Additionally, in these circumstances, the doctrine of equitable estoppel will be applied to preclude the unfair invocation of the Statute of Limitations (*see, Simcuski v Saeli*, 44 NY2d 442, 448-449; *East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628; *Highland Mech. Indus. v Herbert Constr. Co.*, 216 AD2d 161, 162; *Rodriguez v Morales*, 200 AD2d 406, 407). Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.