MARK SAVET et al., Appellants, v PETER G. SCHMIDT et al., Defendants, and RICHARD PELLICANE, as Trustee, Respondent. [696 NYS2d 532] —In an action, *inter alia*, for a judgment declaring that certain conveyances of real property were fraudulent, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered March 10, 1998, as granted that branch of the motion of the defendant Richard Pellicane which was for summary judgment dismissing the fifth and sixth causes of action asserted in their second amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not err in dismissing the fifth and sixth causes of action which were asserted against the defendant Richard Pellicane in his personal capacity, as an earlier ruling of another Justice of the same court, dated June 30, 1997, had previously determined that the court lacked personal jurisdiction over that defendant in his individual capacity.

To the extent that the plaintiffs contend that the court erred in refusing to allow them to amend the caption, that issue is not properly before us as that application was not decided in the order appealed from. Friedmann, McGinity and Schmidt, JJ., concur.

Altman, J. P., dissents and votes to reverse the order insofar

as appealed from, with the following memorandum: I respectfully dissent and would reverse the order insofar as appealed from.

The Supreme Court dismissed the plaintiffs' fifth and sixth causes of action asserted against the defendant Richard Pellicane based on a prior ruling by another Justice that the court lacked personal jurisdiction over Pellicane in his individual capacity. In doing so, the court properly followed the doctrine of law of the case. An appellate court, however, is not bound by that doctrine (*see, Detko v McDonald's Rests.,* 198 AD2d 208, 209; *Post v Post,* 141 AD2d 518, 519).

The original and amended complaints in this action asserted only one cause of action against Pellicane in his capacity as trustee. The second amended complaint, which was served on Pellicane on or about December 27, 1991, added the fifth and sixth causes of action asserting claims against Pellicane in his individual capacity. Pellicane did not interpose an affirmative defense of lack of personal jurisdiction in his answer, or move to dismiss on that ground prior to serving his answer. Therefore, he has waived that defense, and the fifth and sixth causes of action should not have been dismissed for lack of personal jurisdiction (*see, Air Tite Mfg. v Acropolis Assocs.,* 202 AD2d 1067).