■ NORA CASTRO et al., Respondents, v WOOLWORTH CORPORATION, Appellant. [748 NYS2d 368] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 20, 2001, which denied defendant's motion for summary judgment and granted plaintiff's cross motion to amend the summons and complaint so as to substitute F.W. Woolworth Co. (FW) for Woolworth Corporation (Woolworth), unanimously affirmed, with costs.

The cross motion to amend the caption, made after the statute of limitations had run, was properly granted upon a showing that FW, the operator of the store where plaintiff fell and a wholly owned subsidiary of the named defendant, Woolworth,

was served at its store with the original process misnaming Woolworth, knew or should have known by reason of that process that it was the intended subject of the lawsuit and otherwise was not prejudiced by the misnomer (see *Fink v Regent Hotel*, 234 AD2d 39, 41). In this regard, while the record does not contain an affidavit of service, the summons indicates that it was served at FW's store. It further appears that Woolworth's insurer investigated the accident at FW's store and apparently undertook to act on FW's behalf, and that during disclosure Woolworth supplied plaintiff with a list of store employees that did not indicate that the persons listed were employees of FW and not Woolworth. We reject Woolworth's contention that its response to plaintiff's notice to admit, served almost a year before the statute of limitations expired, informed plaintiff that FW was the proper party defendant. The notice contained four separately numbered questions asking Woolworth to admit that it (1) owned, (2) operated, (3) maintained and (4) controlled the premises where plaintiff fell. In an unnumbered, one-sentence response, Woolworth stated that the premises were operated, maintained and controlled by FW, its subsidiary. Defendant's argument that such a vague response to plaintiff's notice to admit is adequate to apprise plaintiff that Woolworth denies ownership appears disingenuous under these circumstances. It is neither an unequivocal denial that Woolworth owned the premises nor an unequivocal admission that FW owned the premises. Woolworth's contention that it should have been granted summary judgment on the ground that, assuming it to be the owner of the premises, it is an out-of-possession landlord, is improperly raised for the first time on appeal, and we decline to address it. Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.