■ NATIONAL REFUND AND UTILITY SERVICES, INC., Doing Business as METROPOLITAN REFUNDS, Respondent, v PLUMMER REALTY CORP., Also Known as PLUMMER REALTY, INC., et al., Appellants. [803 NYS2d 63]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 12, 2004, after a nonjury trial, in an action for services rendered in obtaining a reduction of the water bill for defendants' property, in favor of plaintiff and against defendants in the principal amount of $37,348.35, unanimously affirmed, with costs.

It appears that the answer admitted that the originally named defendant Plummer Realty Corp., the purported manager of the building, is a domestic corporation, but that after trial plaintiff discovered, and defendants' attorney admitted, that no such entity exists. It further appears that after trial defendants' attorney represented that Plummer Realty, Inc. is an accountable entity, and persuasive documentary evidence shows that the names Plummer Realty Corp. and Plummer Realty, Inc. were used interchangeably by their purported principals. Under the circumstances, the trial court properly permitted a posttrial amendment of the caption to name Plummer Realty, Inc., and correctly rendered judgment against it. An application to amend the caption to reflect the actual name of the defendant should be granted where, as here, the unnamed entity was the intended subject of the lawsuit, knew or should have known of the existence of the litigation against it and will not be prejudiced thereby (see Fink v Regent Hotel, 234 AD2d 39, 41 [1996]; Ober v Rye Town Hilton, 159 AD2d 16, 20 [1990]).

Concerning the owner of the property, 830 East 163rd Street Corp., it appears that the trial court found insufficient evidence

that it had authorized plaintiff's services, but nevertheless awarded judgment against it upon the basis of the above post-trial submissions, and a trial record showing that the same individuals purported to act on behalf of all three entities. Although the trial court never corrected its inconsistent finding of insufficient evidence against 830 East, upon our own review of the record (CPLR 5501 [c]), including, in particular, the letter of authorization signed by Nathan Plummer on behalf of Plummer Realty Corp., we find that defendant Plummer Realty Corp., also known as Plummer Realty, Inc., acted with apparent authority on behalf of defendant 830 East, as managing agent for its property (*see Hallock v State of New York*, 64 NY2d 224, 231-232 [1984]).

The damage award reflects the reasonable value of plaintiff's services as indicated by, inter alia, a prior contract between plaintiff's predecessor and Plummer Realty Corp. (*see United Bldg. Maintenance Assoc., Inc. v 510 Fifth Ave. LLC*, 18 AD3d 333 [2005]), and is not excessive. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.