OPINION OF THE COURT
Memorandum.
Order modified by striking that portion of the order dismissing the action against J.D.Q. Enterprises, Inc. and denying the motion for summary judgment by said defendant; as so modified, affirmed without costs.
Plaintiff commenced this action to recover damages for injuries she sustained during a parasailing ride on May 23,1992. The summons and complaint were timely served upon “Quirk Marine, Inc, a/k/a Water Sports on Lake George and ‘John Doe’, the name being fictitious and intended to designate the operator of the motor boat of the defendant, Quirk Marine, Inc.” After conducting the deposition of James Denis Quirk, plaintiff discovered that the name of the corporate entity which owned the boat and operated the parasailing ride was J.D.Q. Enterprises, Inc. and that there were other corporations operating businesses from the same address as J.D.Q. In 2001, pursuant to a stipulation, plaintiff amended the complaint to add J.D.Q. as a defendant along with several other entities that were operating businesses at the same address as J.D.Q. Defendants moved for summary judgment dismissing the action against them on the ground that the statute of limitations had expired and plaintiff was not entitled to the benefit of the relation back doctrine because the newly named defendants were not united *50 in interest with the original defendants. The court below granted defendants’ motion for summary judgment and dismissed the action against all of the named defendants.
Contrary to the opinion of the court below, the motion for summary judgment should not have been granted in favor of J.D.Q., the corporate defendant which owned the boat involved in the alleged accident and operated the parasailing business located at 4 Kurosaka Lane, Lake George, New York. The summons and complaint may be amended to reflect the proper name of a corporate defendant even after the statute of limitations has run where there is evidence that the correct defendant was misnamed in the original process, that said defendant was properly served, and that, in amending the complaint, the defendant would not be prejudiced (Ober v Rye Town Hilton, 159 AD2d 16, 20 [1990]; Kingalarm Distribs. v Video Insights Corp., 274 AD2d 416 [2000]; Balderman v Capital City /Am. Broadcasting Co., 233 AD2d 861 [1996]; see also Creative Cabinet Corp. of Am. v Future Visions Computer Store, 140 AD2d 483 [1988]). In the instant case, plaintiff established that James Quirk was served at J.D.Q.’s corporate offices and that he was authorized to accept service for said corporation. Furthermore, the allegations of the original complaint fairly apprised said defendant that it was the party plaintiff intended to name based upon its connection with the boat and parasailing ride.
In view of the foregoing determination, we reach the issue of whether summary judgment should be granted in favor of J.D.Q. on the ground that plaintiff assumed the risks associated with parasailing.
It is well settled that when an individual engages “in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport [or activity] generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]). A participant in such activity does not assume the risks that are unreasonably increased (Morgan, 90 NY2d at 485), or that are not inherent in the nature of the activity involved (see e.g. Clark v State of New York, 245 AD2d 413 [1997]). Upon our review of the record, we find that plaintiff raised questions of fact, inter alia, whether her risk of injury was increased by having another patron who was not an employee of, or trained by, defendant J.D.Q. act as *51 a “spotter” for the operator of the boat while plaintiff was parasailing. Thus, that branch of the motion by defendant J.D.Q. seeking summary judgment on the ground that plaintiff assumed the risk of parasailing should be denied.
Pesce, RJ., Golia and Rios, JJ., concur.