■ Jose Rodriguez, Appellant-Respondent, v Dixie N.Y.C., Inc., Doing Business as McFadden's Saloon, Respondent, et al., Defendant. 825 Second Avenue Restaurant Corp., Nonparty Respondent-Appellant. [810 NYS2d 34]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered June 25, 2004, which, inter alia, denied plaintiff's motion insofar as it sought to amend the caption to include as a defendant Dixie N.Y.C., Inc., doing business as McFadden's Saloon (Dixie) and a default judgment as against Dixie, but granted the motion insofar as it sought a default judgment against defendant 825 Second Avenue Restaurant Corp. (Restaurant Corp.), unanimously modified, on the law and the facts, to grant that branch of the motion seeking to amend the caption and to deny in its entirety that part of the motion seeking judgment by reason of the default in answering the complaint, and otherwise affirmed, without costs.

While the corporation actually served, defendant Restaurant Corp., is separate from nonparty respondent Dixie, the corporations share the same address, the same owner, the same corporate counsel and the same insurer. It is undisputed that corporate counsel for both corporations received the summons and complaint, and since Restaurant Corp. does business under the name of "Calico Jacks," while "McFadden's Saloon" (McFadden's), the name under which Dixie does business, is the name used in the complaint to identify the site of the alleged accident, Dixie knew or should have known that it was the intended subject of the action (see Creative Cabinet Corp. of Am. v Future Visions Computer Store, 140 AD2d 483 [1988]). In light of this, and the circumstance that correction of the obvious misnomer will not result in cognizable prejudice to Dixie, the motion to amend the caption should have been granted (see National Refund & Util. Servs., Inc. v Plummer Realty Corp., 22 AD3d 430 [2005]; Fink v Regent Hotel, 234 AD2d 39, 41 [1996]).

The branches of plaintiff's motion seeking default judgments against both Restaurant Corp. and Dixie should have been denied in their entirety. Although the complaint was evidently promptly forwarded to both corporations' insurer, the carrier failed to assign counsel, which failure may constitute a reasonable excuse for the default in answering the complaint (see Heskel's W. 38th St. Corp. v Gotham Constr. Co. LLC, 14 AD3d 306, 307 [2005]). In addition, since it appears from plaintiff's deposition testimony that the alleged defect was structural in nature, a meritorious defense has been made out; as tenants of the affected premises, neither Restaurant Corp. nor Dixie would appear under the applicable leases to bear responsibility for remediating such a defect. Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Williams, JJ.