■ JACQUELINE JANKOWSKI, Respondent, v ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Defendant, and PIONEER DEVELOPMENT CO., LLC, Now Known as 50-60 LAKEFRONT BOULEVARD, LLC, Appellant. [848 NYS2d 485]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 7, 2006 in a personal injury action. The order denied the motion of defendant Pioneer Development Co., LLC, now known as 50-60 Lakefront Boulevard, LLC, for summary judgment and granted plaintiff's cross motion seeking leave to amend the complaint to add Pioneer Management Services Co., LLC as a defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell in a parking lot outside her place of employment. Supreme Court properly denied the motion of defendant-appellant (defendant) seeking summary judgment dismissing the complaint against it on the ground that it did not own or have any responsibility for the parking lot. In support of its motion, defendant submitted, inter alia, the affidavit of the property manager of a management services company who relied in part on an expired agreement for his opinion that defendant was not the entity responsible for the parking lot at the time of plaintiff's accident. Defendant thus failed to meet its initial burden on the motion, and we do not consider plaintiff's submissions in opposition to the motion (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The court also properly granted plaintiff's cross motion seeking leave to amend the complaint pursuant to CPLR 305 (c) to add Pioneer Management Services Co., LLC (Pioneer Management) as a defendant. Plaintiff submitted evidence that Pioneer Management was properly served and defendant did not submit any evidence to the contrary (see *Balderman v Capital City/Am. Broadcasting Co.*, 233 AD2d 861, 862 [1996]; *Hayes v Apples & Bells*, 213 AD2d 1000, 1001 [1995]). Plaintiff also submitted evidence that Pioneer Management would not be prejudiced by the proposed amendment (see *Hayes*, 213 AD2d at 1001). Pioneer Management shares an address with defendant (see *Rodriguez v Dixie N.Y.C., Inc.*, 26 AD3d 199, 200 [2006]), and the two companies were described interchangeably by an employee who identified himself as the property manager of Pioneer Management in his affidavit and as the property manager of defendant at his deposition (see *National Refund & Util. Servs., Inc. v Plummer Realty Corp.*, 22 AD3d 430 [2005]; *Career Directions v F & K Supply*, 215 AD2d 806 [1995], *lv dismissed* 86 NY2d 778 [1995], *rearg denied* 86 NY2d 839 [1995]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.