*462 Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered September 1, 2009, which, to the extent appealed from, adhered, upon reargument, to so much of a prior order granting plaintiffs cross motion for a default judgment on her cause of action for negligence, unanimously reversed, on the facts, without costs, the cross motion denied and default judgment vacated. Order, same court and Justice, entered December 23, 2009, which denied the corporate defendant’s motion to vacate the note of issue and strike the complaint for failure to comply with discovery, unanimously modified, on the law, the motion granted to the extent of vacating the note of issue, and otherwise affirmed, without costs.
Although the corporate defendant served its motion to dismiss approximately 22 days late, the delay was minimal, given that defense counsel received the complaint from defendant’s insurance carrier only six days prior to serving the motion, and there was no prejudice to plaintiff (see Siwek v Phillips, 71 AD3d 469 [2010] [default not warranted where counsel for defendant did not receive complaint from carrier until after time to serve answer had expired, delay was minimal and plaintiff claimed no prejudice]; Rodriguez v Dixie N.Y.C., Inc., 26 AD3d 199 [2006] [insurance carrier’s delay in assigning counsel may constitute reasonable excuse for default in answering complaint]). Notably, five days prior to the statutory deadline for service of the answer, plaintiffs counsel forwarded a copy of the summons and complaint and an affidavit of service to defendant’s insurance carrier via fax with a note requesting that an answer be served “as soon as possible.” Defense counsel’s understanding that he had additional time to answer was not unreasonable, as the request hardly alerted defense counsel that plaintiff’s counsel was insisting on service of an answer by the imminent deadline. Moreover, service of the motion to dismiss in lieu of an answer shortly thereafter, on August 13, evidenced an intent to defend. Although in opposing the motion for a default judgment defendant did not provide an affidavit of merit, none is required where no default order or judgment has been entered (Lamar v City of New York, 68 AD3d 449 [2009]). Under these circumstances, and in view of the strong public policy favoring resolution of cases on their merits, the court improvidently exercised its discretion in granting a default judgment.
In view of the foregoing, the note of issue scheduling an assessment of damages, filed in connection with the negligence cause of action, is vacated. Concur—Tom, J.E, Sweeny, Catterson, McGuire and Román, JJ.