■ MVP HEALTH INSURANCE COMPANY et al., Respondents, v ENIGMA DIAGNOSTIC CORPORATION, Appellant. [974 NYS2d 629]—

Lahtinen, J. Appeal from an order of the Supreme Court (Giardino, J.), entered June 25, 2012 in Schenectady County, which granted plaintiffs' motion for leave to amend the summons and complaint.

In March 2010, plaintiffs commenced this action alleging, among other things, that from January 2002 to March 2010 defendant had engaged in improper and fraudulent billing practices by overcharging plaintiffs by about $31,000 for clinical laboratory services provided to plaintiffs' customers. Defendant did not deny that it had provided the disputed laboratory work, but it asserted counterclaims seeking $469,456.80 and unsuccessfully sought to move venue to Kings County. In February 2012, Enigma Management Corporation, doing business as Enigma Laboratory (hereinafter Enigma Management), through the same counsel as represents defendant, commenced an action against plaintiffs in Kings County alleging virtually word-for-

word the same causes of action and seeking the identical amount of damages as defendant had asserted in its counterclaims.*

Upon receipt of the Kings County action and learning that defendant had recently dissolved, plaintiffs moved to amend their summons and complaint in the Schenectady County action to substitute Enigma Management for defendant. According to plaintiffs' proof in the motion, defendant and Enigma Management had the same address, telephone number, officers and counsel. Plaintiffs further noted that the laboratory had identified itself in its dealings with plaintiffs by various names, including Enigma Clinical Laboratory, Enigma Laboratory Corp., and Enigma Laboratory Diagnostic Reference Laboratory. Supreme Court granted plaintiffs' motion and defendant appeals.

We affirm. The showing required by plaintiffs in support of their motion pursuant to CPLR 305 (c) included "that the intended but misnamed defendant was fairly apprised that it was the party the action was intended to affect [and that it] would not be prejudiced" (*Career Directions v F & K Supply*, 215 AD2d 806, 806 [1995], *lv dismissed* 86 NY2d 778 [1995] [internal quotation marks and citations omitted]; *see Jankowski v Erie County Indus. Dev. Agency*, 46 AD3d 1393, 1394 [2007]; *National Refund & Util. Servs., Inc. v Plummer Realty Corp.*, 22 AD3d 430, 430 [2005]; *Fink v Regent Hotel*, 234 AD2d 39, 41 [1996]). Here, plaintiffs' proof established, among other things, that service occurred at the shared address of defendant and Enigma Management, defendant and Enigma Management essentially acted as one in asserting identical causes of action against plaintiffs, both claimed to have done laboratory work for plaintiffs, they had the same counsel and they used a variety of names in their billing and correspondence. There is no prejudice to Enigma Management in permitting the amendment. The motion was properly granted (*see e.g. Rivera v Beer Garden, Inc.*, 51 AD3d 479, 479 [2008]; *Rodriguez v Dixie N.Y.C., Inc.*, 26 AD3d 199, 200 [2006]; *Connor v Fish*, 91 AD2d 744, 744-745 [1982]).

Peters, P.J., Rose and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The Kings County action, which plaintiffs reportedly moved to dismiss on the ground that an identical action was pending in Schenectady County, has been dismissed.