Mariette v Amber Ct. of Pelham Gardens LHCSA, LLC (2023 NY Slip Op 00490)

Mariette v Amber Ct. of Pelham Gardens LHCSA, LLC

2023 NY Slip Op 00490

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 24983/19E Appeal No. 17235 Case No. 2022-00127 

[*1]Craig P. Mariette, as Administrator of the Estate of Lionel Mariette, Deceased, and Craig P. Mariette, Individually, Plaintiffs-Respondents,
v
Amber Court of Pelham Gardens LHCSA, LLC, Defendant-Appellant.

Catalano Gallardo & Petropoulos, LLP, Jericho (Domingo R. Gallardo of counsel), for appellant.
Ronemus & Vilensky, LLP, Garden City (Lisa M. Comeau of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph Capella, J.), entered on or about November 19, 2021, which denied defendant Amber Court of Pelham Gardens LHCSA, LLC's (Amber Court LLC) motion to dismiss the complaint and granted plaintiff's motion for leave to amend the complaint to correct defendant's name to Judith Lynn Home for Adults, LLC (Judith Lynn Home) and Judith Lynn Home d/b/a Amber Court of Pelham Gardens as defendants, unanimously modified, on the law, to grant defendant Amber Court LLC's motion to dismiss the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff, as administrator for his father, alleges that his father died as the result of injuries sustained when he was a dementia patient at a nursing home operating under the name Amber Court of Pelham Gardens. A subsequent investigation by the New York State Department of Health substantiated plaintiff's complaint against Amber Court of Pelham Gardens. Plaintiff then commenced this negligence action naming defendant Amber Court of Pelham Gardens LHCSA, LLC. Defendant moved to dismiss the complaint against it based on evidence that it was not formed until after the accident that led to plaintiff's decedent's death and noting that the statute of limitations had expired. Plaintiff moved to amend the complaint to correct defendant's name to Judith Lynn Home d/b/a Amber Court of Pelham Gardens. In support, plaintiff's counsel averred that Judith Lynn Home was properly served with the summons and complaint and submitted evidence that Judith Lynn Home was doing business as Amber Court of Pelham Gardens at the same address where the accident occurred.
The motion court providently exercised its discretion in granting plaintiff's motion for leave to amend the complaint to correct defendant's name pursuant to CPLR 305(c) (see Ober v Rye Town Hilton, 159 AD2d 16, 19-20 [2d Dept 1990]; Rivera v Beer Garden, Inc., 51 AD3d 479 [1st Dept 2008]). Defendant did not dispute that Judith Lynn Home was properly served, except by asserting that it had raised a defense based on improper service in its answer. However, that defense did not specify any way in which service was improper. Moreover, defendant did not move to dismiss the complaint for improper service within 60 days of assertion of the defense, thus any objection based on service was waived (see CPLR 3211[e]).
The summons and complaint alleged that defendant was operating a nursing home located at 1800 Waring Avenue in the Bronx, which is the address listed on the summons, and plaintiff submitted evidence that Judith Lynn Home was doing business under the name Amber Court of Pelham Gardens at that location and had the same chief financial officer as defendant. Thus, the allegations in the complaint made clear that Judith Lynn Homes d/b/a Amber Court of Pelham Gardens was the intended defendant, despite the fact that plaintiff had mistakenly added the letters "LHSCA, LLC[*2]" to that name. In light of the foregoing, Judith Lynn Homes was not prejudiced by the amendment (see National Refund & Util. Servs., Inc. v Plummer Realty Corp., 22 AD3d 430, 431 [1st Dept 2005]; Rodriguez v Dixie N.Y.C., Inc., 26 AD3d 199, 200 [1st Dept 2006]).
However, defendant Amber Court LLC's showing that it could not be liable for the alleged negligence of Judith Lynn Home was unrefuted and its motion to dismiss the complaint as against it should have been granted. Further, it should not have been included in the caption of the amended complaint.
Defendant's argument that there is an error in the affidavit of service concerning the service address is improperly raised for the first time in its appellate reply brief to which plaintiff had no opportunity to respond (Markovitz v Markovitz, 29 AD3d 460, 461 [1st Dept 2006]), and it is not a purely legal argument that may be considered for the first time on appeal (Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023