Jonke v Foot Locker, Inc. (2023 NY Slip Op 00813)

Jonke v Foot Locker, Inc.

2023 NY Slip Op 00813

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 111794/99 Appeal No. 17329 Case No. 2022-00567 

[*1]James Jonke, Plaintiff-Appellant,
v
Foot Locker, Inc., Defendant-Respondent.

Bernadette Panzella, P.C., New York (Bernadette Panzella of counsel), for appellant.
Kelley Drye & Warren LLP, New York (David I. Zalman of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoran, J.), entered on or about January 20, 2022, which granted defendant Foot Locker, Inc.'s motion to reargue, and upon reargument, denied plaintiff's motion to amend the pleadings, unanimously affirmed, without costs.
Plaintiff relies on informal judicial admissions to bind Foot Locker, Inc. (Foot Locker) as the successor in interest to the default judgment obtained against "The Foot Locker Inc.," which later changed its name to "The Boot Locker Inc." Nothing in the record suggests that Foot Locker acquired the assets of or merged with "The Foot Locker Inc." In fact, Foot Locker denies any connection to, purchase of, involvement or merger with the Boot Locker, and plaintiff points to nothing in the record to suggest otherwise. Without any evidence to show that Foot Locker acquired "The Foot Locker Inc." or Boot Locker in some fashion, Foot Locker cannot be considered "The Foot Locker Inc.'s" successor in interest (see Highland Crusader Offshore Partners, L.P. v Celtic Pharma Phinco B.V., 205 AD3d 520, 522-523 [1st Dept 2022]). The informal judicial admissions are insufficient to overcome this legal requirement.
Contrary to plaintiff's assertions, Supreme Court could properly address the merits on reargument. The order that prompted Foot Locker to move to reargue had resolved plaintiff's motion from 2009, seeking to amend the caption, and Foot Locker's order to show cause from 2016, seeking, among other things, summary judgment. Supreme Court's order dated March 18, 2019 did not resolve Foot Locker's order to show cause. Nor did this Court on appeal (see Jonke v Foot Locker Inc., 181 AD3d 544 [1st Dept 2020]).
Plaintiff's motion to amend the caption was properly denied since this is not a case involving a simple misnomer. Venator Group, Inc. did not change its name to Foot Locker until 2001—two years after plaintiff initiated the action against Venator's subsidiaries. Plaintiff did not include Venator as a defendant or serve it. Plaintiff served "The Foot Locker Inc." and Boot Locker through the Secretary of State at their registered address, to which Foot Locker had no connection (see Fink v Regent Hotel, 234 AD2d 39, 41 [1st Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023