John Doe XIII v Archdiocese of N.Y. (2024 NY Slip Op 04814)

John Doe XIII v Archdiocese of N.Y.

2024 NY Slip Op 04814

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 950065/20 Appeal No. 2692 Case No. 2024-02043 

[*1]John Doe XIII, Plaintiff-Respondent,
v
Archdiocese of New York, Defendant-Appellant, Our Lady of Mount Carmel Church, et al., Defendants.

Rivkin Radler LLP, Uniondale (Henry M. Mascia of counsel), for appellant.
Herman Law, New York (Jeffrey Herman of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered March 13, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Archdiocese of New York's motion to vacate a prior order, entered October 26, 2023, same court and Justice, directing the Archdiocese to produce personnel files for Monsignor Louis Martorella, Monsignor John Ruvo, Father Anthony Pucci, Emilia Longo, Dominick Rella, Sister Aurelia, Brother Gilbert, Brother John, and Brother Christopher, unanimously affirmed, without costs.
This action was commenced pursuant to CPLR 214-g, known as the Child Victims Act (CVA). Plaintiff John Doe XIII and approximately 70 other CVA plaintiffs allege that Rudy Tremaroli, a janitor at Our Lady of Mount Carmel School (OLMC) within the Archdiocese of New York, sexually abused them between 1958 and 1992. As relevant to this appeal, plaintiffs allege that numerous complaints of Tremaroli's abuse were made to certain named priests and principals at OLMC, whom, they allege, were under the control and supervision of the Archdiocese.
We find that the court-ordered disclosure of the subject personnel files was not precluded by the doctrine of the law of the case (see Kaplan v Einy, 209 AD2d 248, 252 [1st Dept 1994]; see generally People v Evans, 94 NY2d 499, 502-503 [2000]). A prior order, dated June 29, 2023 (Laurence L. Love, J.), denied plaintiffs' request for production of the subject personnel files. However, during the subsequent deposition of a witness of the Archdiocese, Sister Patricia Anastasio was unable to testify meaningfully as to the relationship between the Archdiocese and OLMC, in part because she was not properly prepared to answer questions sought by plaintiffs in their fourth amended notice of deposition, and in part because she was repeatedly instructed not to answer based on the June 29 order. Justice Love, who was called for a hearing during the deposition, indicated that the exchange of specific personnel files might be required in light of the witnesses' responses.
Following Sister Anastasio's deposition, plaintiffs sought production of a new witness who could speak to the Archdiocese's supervision and control over OLMC, or, alternatively, to resolve the issue in plaintiffs' favor pursuant to CPLR 3126(1), together with other relief that may be just and proper.
Contrary to the Archdiocese's contention, while not specifically requested by plaintiffs, the motion court acted well within its discretion in ordering disclosure of the personnel files of nine notice witnesses at OLMC, most of whom are deceased (see Hyman v Able & Ready Appliance Repair Corp., 193 AD3d 509, 510 [1st Dept 2021]). These individuals were named by plaintiffs as having knowledge of the alleged abuse. Since their personnel files may provide evidence of the disputed claims of the Archdiocese's supervision and control of the OLMC employees, this information is material and necessary to the action and thus discoverable ([*2]see Junmei Zhang v City of New York, 198 AD3d 504, 505 [1st Dept 2021]; see generally Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). The Archdiocese has failed to meet its burden showing that such disclosure is improper or seeks confidential materials (see Matter of All Plaintiffs in Child Victims Act NYC Litig. v All Defendants in Child Victims Act NYC Litig., 200 AD3d 476, 479 [1st Dept 2021]).
To the extent the Archdiocese purports to appeal from that portion of the order directing it to produce a new witness, we note that the Archdiocese did not raise any arguments on this point until its reply brief, and thus we decline to consider it (see Mariette v Amber Ct. of Pelham Gardens LHCSA, LLC, 213 AD3d 413, 414 [1st Dept 2023]). In any event, we would affirm, as we agree that Sister Anastasio was not sufficiently knowledgeable, and a new deponent is required.
We have considered the Archdiocese's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024