Sabr Chems. Group, LLC v Northeast Chems., Inc. (2025 NY Slip Op 05906)

Sabr Chems. Group, LLC v Northeast Chems., Inc.

2025 NY Slip Op 05906

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2024

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 650608/19|Appeal No. 5043|Case No. 2024-07639|

[*1]Sabr Chemicals Group, LLC, Plaintiff-Respondent,
v
Northeast Chemicals, Inc., et al., Defendants-Appellants.

Westermann Sheehy Samaan & Gillespie, LLP, East Meadow (Michael F. Kuzow of counsel), for appellants.
Neil Spector, White Plains, for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered November 22, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting plaintiff's motion to amend the caption and the complaint to change the name of defendant United Foods Corporation to United Foods Corp. a/k/a United Foods Corporation. Documents in the record — including emails, bank records, a credit reference, and a purchase order — sufficiently link United Foods Corporation and United Foods Corp. (see Rodriguez v Dixie N.Y.C., Inc., 26 AD3d 199, 200 [1st Dept 2006]; National Refund & Util. Servs., Inc. v Plummer Realty Corp., 22 AD3d 430, 430 [1st Dept 2005]). Defendants admit that defendant Jimmy Hsu, the president of defendants Northeast Chemicals, Inc. and United Foods Corporation, was also the president of United Foods Corp. Given the strong indications that United Foods Corporation and United Foods Corp. are closely associated with each other, if not part of the same corporate structure, United Foods Corp. "knew or should have known of the existence of the litigation against it, and will not be prejudiced thereby" (Fink v Regent Hotel, 234 AD2d 39, 41 [1st Dept 1996]).
Additionally, United Foods Corporation (and thus United Foods Corp.) waived any personal jurisdiction argument based on improper service when it failed to raise this issue in its CPLR 3211(a) motion to dismiss the complaint in the related action plaintiff commenced against United Foods Corporation and Mr. Hsu, which was later consolidated with this action (see CPLR 3211[e]; Competello v Giordano, 51 NY2d 904, 905 [1980]). Finally, an amended summons naming United Foods Corp. is not necessary because the court already has jurisdiction over it (see Patrician Plastic Corp. v Bernadel Realty Corp., 25 NY2d 599, 607-608 [1970]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2024