■ LUCINDO SUAREZ et al., Respondents, v SHOREHAVEN HOMEOWNERS ASSOCIATION, INC., Defendant. SHOREHAVEN CONDOMINIUM ASSOCIATION, Appellant. [608 NYS2d 457] —Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered on or about June 21, 1993, which denied the motion by Shorehaven Condominium Association to intervene and to stay the inquest against the sole originally named defendant, and *sua sponte,* amended the caption nunc pro tunc to reflect that the names of the defendants in this action are "Shorehaven Homeowners Association Inc. and Shorehaven Condominium Association d/b/a Shorehaven Homeowners Association, Inc.", unanimously modified, on the law and facts, solely to the extent of granting Shorehaven Condominium Association's motion to intervene, and granting it leave to serve an answer

to the complaint, deleting "d/b/a Shorehaven Homeowners Association, Inc." from the caption as amended, and otherwise affirmed, with costs and disbursements payable to plaintiffs.

Plaintiffs are resident owners of the Shorehaven Condominiums in Clason's Point, Bronx. They instituted this action against the originally named defendant Shorehaven Homeowners Association, Inc. ("Homeowners"), alleging that Homeowners breached its duty to maintain and repair the common areas of the condominium, including the exterior walls and roof. After service was completed upon the Secretary of State, Homeowners defaulted, and plaintiffs were granted a default judgment.

Only then were plaintiffs notified by the attorney for the Board of Managers that they had sued the wrong entity, and that appellant Shorehaven Condominium Association (the "Condominium Association") was the proper party defendant.

Thereafter the Condominium Association, represented by the same attorneys that represented Homeowners in prior matters, moved to intervene in the action as a party defendant, for leave to serve an answer to the complaint, and for an order staying the inquest against defendant Shorehaven Homeowners Association, Inc, asserting that the Condominium Association was the true party in interest, that plaintiffs would not be prejudiced, and further asserting that the Condominium Association had a meritorious defense.

Plaintiffs opposed the motion, asserting that the Condominium Association has always done business as Homeowners. To support this, plaintiffs annexed letters and memoranda from the Board of Managers written on Homeowners Association stationery or indicating that it was from Homeowners Association. Also submitted by plaintiffs were: accounting and financial statements and balance sheets which were prepared under the caption, "Shorehaven Homeowners Association, Inc."; bills for parking spaces directing owner residents to make checks payable to Homeowners Association "Special Account"; cancelled checks made out to the Homeowners Association; a Notice of Annual Meeting and Proxy Statement including the name of the Homeowners Association.

The IAS Court did not err in treating the motion to intervene as one to open the default judgment against Homeowners. The Condominium Association sought a stay of the inquest against Homeowners Association and argued there was a meritorious defense, thus itself seeking such relief. Further, we agree with the nisi prius court, that, by its repeated and

open use of the name "Homeowners Association, Inc.", and by its conduct of business under that name, the Condominium Association could not possibly have been misled as to which entity the plaintiffs had served and were attempting to sue. Amendments of the caption to reflect the proper party have been allowed "where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" *(Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483, 484-485; *see also, Medina v City of New York,* 167 AD2d 268).

The Homeowners Association affirmatively chose not to respond to the complaint and defaulted. Therefore, there was no reasonable excuse presented for that default. Accordingly, the IAS Court did not abuse its discretion in denying that part of the motion seeking a stay of the inquest, and, *sua sponte,* amending the caption of the action to include the Condominium Association. We modify solely to grant that portion of the Condominium Association's motion seeking intervention and leave to serve an answer and to further amend the caption to reflect the fact that personal jurisdiction was obtained over both defendants. Concur—Sullivan, J. P., Ellerin, Asch and Tom, JJ.