Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered August 29, 2012, which, to the extent appealed from, denied defendant’s motion for an order of preclusion and summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this action seeking payment for medical services provided by plaintiff hospital, defendant’s preclusion motion was properly adjudicated (see Uniform Rules for Trial Cts [22 NYCRR] § 202.8 [f]). Contrary to defendant’s argument, there is no evidence that the proper procedure for resolving the pre-preliminary conference discovery motion was not followed or that the motion court was not thoroughly familiar with the content of the filed motion prior to signing the order challenged on appeal. Although defendant alleges that plaintiff failed to respond to a demand for a bill of particulars over a 2V2-year period of time, no preliminary conference order existed and no further demands or motions seeking plaintiffs compliance with the lone discovery request were brought or made. Additionally, no conditional orders pertaining to discovery compliance were sought by defendant. Thus, defendant failed to establish a pattern of willful *581 non-compliance with discovery and the drastic penalty of an order of preclusion is not warranted (see Cherokee Owners Corp. v DNA Contr., LLC, 74 AD3d 411 [1st Dept 2010]; Ripka Rotter & King, LLP v Kahn Gordon Timko & Rodriguez, P.C., 83 AD3d 613 [1st Dept 2011]; Palmenta v Columbia Univ., 266 AD2d 90 [1st Dept 1999]).
Defendant’s argument that plaintiffs name, as it appears in the caption, is a misnomer and that due to the error plaintiff lacks the capacity to bring this action in New York State courts was improperly raised in reply and we decline to reach it (see Matter of Landmark West! v Burden, 15 AD3d 308 [1st Dept 2005], lv denied 5 NY3d 713 [2005]; Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624 [1st Dept 1995]), except to, sua sponte, allow plaintiff to amend the caption. We note that the named plaintiff is a commonly used “dba” and that there is no prejudice to defendant (see generally Suarez v Shorehaven Homeowners Assn., 202 AD2d 229 [1st Dept 1994]; Air Tite Mfg. v Acropolis Assoc., 202 AD2d 1067 [4th Dept 1994]). Concur — Sweeny, J.P., Renwick, Feinman and Clark, JJ.