Salcedo v Strathmore Constr. Mgt., LLC (2023 NY Slip Op 05049)

Salcedo v Strathmore Constr. Mgt., LLC

2023 NY Slip Op 05049

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 306568/13E Appeal No. 710 Case No. 2023-00113 

[*1]Luis Manuel Garcia Salcedo, Plaintiff-Respondent,
v
Strathmore Construction Management, LLC, et al., Defendants, Sustainable Energy Options, LLC, Defendant-Respondent, Gemstone Property Management, LLC, et al., Defendants-Appellants.

Haworth Barber & Gerstman, LLC, New York (David Kong of counsel), for appellants.
Subin Associates, LLP, New York (Denise A. Rubin of counsel), for Luis Manuel Garcia Salcedo, respondent.
Lewis Johs Avallone Aviles, LLP, New York (David L. Metzger of counsel), for Sustainable Energy Options, LLC, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 7, 2022, which denied defendants Gemstone Property Management, LLC and DHNY IV LLC's (DHNY) motion for leave to amend their answer to withdraw DHNY's admission of ownership of the subject premises and to assert cross-claims against defendant Sustainable Energy Options, LLC., and granted plaintiff's cross-motion for leave to amend the complaint to add DHNY APT IV LLC (DHNY APT) as a defendant, unanimously affirmed, with costs.
The court properly denied Gemstone's and DHNY's motion to amend their answer to withdraw DHNY's admission of ownership of the premises where plaintiff was injured. As in Jackson v 170 W. End Ave. Owners Corp. (191 AD3d 429 [1st Dept 2021]), Gemstone and DHNY have participated in this litigation for years and the statute of limitations on plaintiff's claim has expired. Accordingly, plaintiff would be prejudiced if Gemstone and DHNY were permitted to amend their answer to withdraw DHNY's admission of ownership (see id.; Griffin v Columbia Univ., 51 AD2d 896 [1st Dept 1976]).
Similarly, the court properly denied Gemstone's and DHNY's motion to amend their answer to assert cross-claims against Sustainable based on this Court's finding that there was an issue of fact as to whether Sustainable performed work on the boiler (see Salcedo v Sustainable Energy Options, LLC, 190 AD3d 439, 439 [1st Dept 2021]). Sustainable has proceeded for the last eight years under the impression that plaintiff's claims were the only ones against it (see Crimlis v City of New York, 200 AD3d 555, 556 [1st Dept 2021]). The note of issue has been filed, and Sustainable was not able to depose DHNY or Gemstone during discovery (see id.; Gurewitz v City of New York, 175 AD3d 655, 657-658 [2d Dept 2019]). Thus, allowing Gemstone and DHNY to assert cross-claims against Sustainable would be prejudicial to Sustainable.
The court properly granted plaintiff's motion to amend the complaint to add DHNY APT as a defendant. DHNY was fairly apprised of this action and has participated as a defendant since 2014 (see Stuyvesant v Weil, 167 NY 421, 425-426 [1901]; Rodriguez v Dixie N.Y.C., Inc., 26 AD3d 199, 200 [1st Dept 2006]). Accordingly, DHNY
could not possibly have been misled as to which entity plaintiffs intended to sue (see Suarez v Shorehaven Homeowners Assn., 202 AD2d 229, 230-231 [1st Dept 1994]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023