Wayman v CPE Hous. Dev. Fund Co., Inc. (2025 NY Slip Op 05485)

Wayman v CPE Hous. Dev. Fund Co., Inc.

2025 NY Slip Op 05485

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 25691/20 Case No. 2024-07915 Appeal No. 4865

[*1]Kristan Wayman, Plaintiff-Appellant,
v
CPE Housing Development Fund Company, Inc. et al., Defendants-Appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Neufeld O'Leary & Gusto, New York (Vasilios Christos Tzanides of counsel), for respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about December 4, 2024, which denied plaintiff's motion to amend the caption and to direct the County Clerk to reflect the change in the judgment nunc pro tunc, unanimously affirmed, without costs.
After plaintiff obtained a default judgment against defendants, he moved to amend the caption to change one of the defendants from "CPE Housing Development Fund Company, Inc." to "CPE Housing Development Fund Company, Inc. as Nominee for CPE Equities LLC," which he styled as the correction of a misnomer. However, they are two different entities, and plaintiff failed to demonstrate that CPE Equities was the intended subject of the action. Significantly, he does not address whether he knew of CPE Housing's nominee status when he commenced the action or why he waited to move to amend the caption for a year from the time his knowledge of that fact became apparent during litigation (cf. Suarez v Shorehaven Homeowners Assn., 202 AD2d 229, 230-231 [1st Dept 1994]; Rodriguez v Dixie N.Y.C., Inc., 26 AD3d 199, 200 [1st Dept 2006]).
We decline to consider plaintiff's unpreserved argument that the relation back doctrine under CPLR 203(f) would apply to this case "since it is not a purely legal argument apparent on the face of the record" (Louis v City of New York, 223 AD3d 526, 527 [1st Dept 2024]). In any event, plaintiff conceded before the motion court that he did not intend to amend the pleading to join CPE Equities as a new party to the action.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025